[Civ. No. 10221.    Third Dist.    May 29, 1962.]

LA VETA HOPPER, Plaintiff and Appellant, v. STATE PERSONNEL BOARD et al., Defendants and Respondents.

Benjamin D. Frantz and James S. Eddy for Plaintiff and Appellant.

Stanley Mosk, Attorney General, and J. M. Sanderson, Deputy Attorney General, for Defendants and Respondents.

PEEK, P. J.—By mandate, petitioner sought review of an order of the State Personnel Board sustaining her dismissal as a supervising clerk in the Department of the Youth Authority, and restoration of her permanent civil-service status. Respondent's demurrer to her petition was sustained without leave to amend. She now appeals from the judgment of dismissal which thereafter was entered.

Her petition alleged her status as a civil-service employee for a period of approximately 20 years and that while employed by the Department of Youth Authority she received certain performance reports which were set forth in detail. Those reports contained numerous comments to the effect that the "quality" as well as the "quantity" of her work was "outstanding." She was also graded as "outstanding" in her relationships with people; she was given a like grading as to initiative, resourcefulness, ability to accept and carry out responsibility, and analytical ability of rules and law for the benefit of probation officers and judges. Some of the reports also referred to numerous communications from public officials commending her work. However, beginning with the first report, petitioner's lack of punctuality was consistently noted, and one report specifically found that her lateness for work had become a "morale factor for the rest of the office."

The petition admits that during the period in controversy she had been late for work, but alleged in mitigation thereof physical, mental, and domestic problems with which she had been confronted, and that her tardiness had been condoned by the Youth Authority. The petition also notes that she had been suspended for five working days because of tardiness. The petition then concludes that to invoke the extreme penalty of dismissal under such circumstances was an abuse of discretion, and prayed that she be restored to her civil-service position.

The record before the board shows, and the board found, that petitioner reported late to work on some 20 occasions and was for that reason suspended for five days; that she had been admonished both orally and in writing concerning her dereliction in this regard; that following her suspension she was again warned that punitive action would be taken if she were late thereafter; and that despite such warnings she reported late for work on 34 occasions prior to the filing of the action by the Youth Authority. The record further shows, and the board also found, that she had been advised that if she was to be away from her office for 10 minutes or more she

should inform the telephone operator and also inform the operator when she returned. Notwithstanding such instructions and in willful disregard thereof, she was away from her office on five separate occasions for periods varying from several minutes up to an hour without notifying the operator.

The record further shows that the board considered the evidence introduced by petitioner in mitigation of her conduct.

The sole question for determination is whether the penalty imposed was an abuse of discretion. Petitioner does not question the findings of the board, but contends that its decision was not supported by substantial evidence in that the penalty of dismissal was disproportionate to the violations involved, especially in view of the mitigating circumstances.

It is the general rule that the propriety of a penalty imposed by an administrative agency is a matter of discretion of the agency and its decision will not be disturbed unless there has been a clear abuse of discretion. (*Martin* v. *Alcoholic Bev. etc. Appeals Board,* 52 Cal.2d 287 [341 P.2d 296].) By statute, an ''[a]buse of discretion is established if the respondent has not proceeded in the manner required by law, the order or decision is not supported by the findings, or the findings are not supported by the evidence.'' (Code Civ. Proc., § 1094.5, subd. (b).) However, the rule previously noted is not without its exceptions. In the recent case of *Magit* v. *Board of Medical Examiners,* 57 Cal.2d 74 [17 Cal.Rptr. 488, 366 P.2d 816], the court held that to suspend a physician's license was an abuse of discretion where the physician was acting in ''utmost good faith,'' was confronted with a question that was not specifically answered by either the code or by any decision of our courts and the only related case supported his action, and affidavits of numerous physicians showed that they shared his understanding of the law.

The present case has none of the elements noted by the court in *Magit.* Assuming it could be said that the lack of punctuality of petitioner was recognized and apparently condoned, nevertheless she had been informed as to the time when she was expected to report to work and had been instructed on numerous occasions to do so. Despite these requests she repeatedly failed to comply. Furthermore, even after the disciplinary action resulting in the five-day suspension, her conduct continued as before in spite of notice that punitive action would be taken if she did not cease being late.

Concededly, the penalty of dismissal was severe; however, under the facts disclosed and the deliberate course of conduct

followed by petitioner, we cannot say that as a matter of law the penalty imposed in the present case was so excessive as to amount to a clear abuse of discretion.

Judgment is affirmed.

Pierce, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 25, 1962. Dooling, J.,* participated in place of Traynor, J.

*Assigned by Chairman of Judicial Council.