[Civ. No. 41022. Second Dist., Div. Five. Oct. 3, 1973.]

LAWRENCE MARINO, Plaintiff and Appellant, v.
CITY OF LOS ANGELES et al., Defendants and Respondents.

462

**COUNSEL**

Irwin R. Miller and Dahlstrum & Miller for Plaintiff and Appellant.

Roger Arnebergh, City Attorney, John A. Daly, Executive Assistant City Attorney, Jack L. Wells, Assistant City Attorney, and Henry G. Morris, Deputy City Attorney, for Defendants and Respondents.

## Opinion

**HASTINGS, J.**—Lawrence Marino petitioned the superior court for a writ of mandamus to compel defendants to reinstate him as a police officer in the Los Angeles Police Department. The superior court denied the writ and this appeal followed.

On January 21, 1969, petitioner was charged with five counts of misconduct:

Count 1. On December 21, 1968, after becoming aware that a felony had been committed, Marino did not conduct an adequate investigation, failed to acquire medical treatment for an injured victim, released the suspect, and thereafter failed to prepare the required reports.

Count 2. On December 21, 1968, Marino gave false and misleading statements to a police sergeant who was conducting a personnel investigation.

Count 3. On December 21, 1968, Marino, after being assigned to complete an A.D.W. report at a hospital, failed to comply with his instructions and solicited another officer to complete this assignment without supervisory approval.

Count 4. On December 21, 1968, Marino submitted a Daily Field Activities Report which he knew contained inaccurate information with regard to his activities for that day.

Count 5. On December 23, 1968, at the police station, Marino came into the possession of another officer's uniform. With the knowledge that this was not his property, he wore the uniform on duty for about one week and did not attempt to locate the true owner or notify anyone that this uniform was in his possession.

A board of rights proceeding was instituted pursuant to section 202 of the Charter of the City of Los Angeles. At the hearing on February 3, 1969, petitioner pled guilty to counts 1-4 of the complaint, and the board of rights found petitioner guilty as charged of counts 1 through 5. The chief of police then ordered the petitioner removed from his position with a total loss of pay, effective as of January 24, 1969.

Petitioner now contends that the penalty is too severe and that the trial court erred when it did not consider the board of rights' contemporaneous treatment of similar cases when determining whether the penalty imposed by the administrative board constituted an abuse of discretion.

It is the general rule that the propriety of a penalty imposed by an administrative agency is a matter of discretion of the agency (Code Civ. Proc., § 1094.5, subd. (e)), and its decision may not be disturbed unless there has been a manifest abuse of discretion. (*Cadilla* v. *Board of Medical Examiners,* 26 Cal.App.3d 961, 966 [103 Cal.Rptr. 455]; *Nightingale* v. *State Personnel Board,* 7 Cal.3d 507, 515 [102 Cal.Rptr. 758, 498 P.2d 1006]; *Harris* v. *Alcoholic Bev. etc. Appeals Bd.,* 62 Cal.2d 589, 594 [43 Cal.Rptr. 633, 400 P.2d 745].) If reasonable minds might differ as to the propriety of the penalty imposed, this fact serves to fortify the conclusion that the administrative body acted within the area of its discretion. (*Harris* v. *Alcoholic Bev. etc. Appeals Bd., supra.*)

"[I]n reviewing the penalty imposed by an administrative body which is duly constituted to announce and enforce such penalties, neither a trial court nor an appellate court is free to substitute its own discretion as to the matter; nor can the reviewing court interfere with the imposition of a penalty by an administrative tribunal because in the court's own evaluation of the circumstances the penalty appears to be too harsh. (See *Macfarlane* v. *Department of Alcoholic Beverage Control, supra,* [51 Cal.2d 84 (330 P.2d 769)] p. 91.) Such interference, in the light of the foregoing authorities, will only be sanctioned when there is an arbitrary, capricious or patently abusive exercise of discretion." (*Brown* v. *Gordon,* 240 Cal.App.2d 659, 667 [49 Cal.Rptr. 901].)

In the present case, the court reviewed the record of the board of rights hearing and found no abuse of discretion. We are satisfied that this conclusion is correct.

"[W]hen the guilt of an officer is fairly established before the board in the mode provided by law, the punishment as fixed by the charter rests in the discretion of the board. [Citations.] In the absence of oppression and a showing of bad faith, the measure of this discretion is limited only by the terms of the charter and the board's sense of responsibility for the discipline and efficiency of the department it controls." (*Ludolph* v. *Board of Police Commrs.,* 30 Cal.App.2d 211, 217-218 [86 P.2d 118].)

■ Here, petitioner admitted to four counts involving falsification of police records in an effort to conceal that he had failed to report a felony. In addition, he was found guilty of wearing another officer's uniform with knowledge that it was not his and failing to attempt to locate the true owner (count 5). The board of rights also had access to petitioner's personnel record prior to determining the penalty to be invoked. This revealed that in Marino's last personnel rating report it was noted that "During this rating period [July 1, 1968 to December 31, 1968], officer Marino has

failed to discharge his duties in a satisfactory manner. On two occasions during this period, he has neglected his duties and failed to take proper enforcement action in the field when serious crimes were reported to him by the involved victims. He projects a negative attitude toward his job responsibilities, and a lack of concern for providing a professional or acceptable level of public service to the public." The report concluded that the officer's general value to the department was "unsatisfactory" and the reviewing officer stated that he definitely did not want him in his division. Under these circumstances, we cannot say that dismissal from the police force constituted an abuse of discretion as a matter of law.

■ Petitioner contends that when the trial court reviewed the punishment, it should have taken judicial notice of the records of the board of review in similar cases to determine whether his punishment was a departure from the norm. Under Evidence Code section 452,[1] judicial notice may be taken of decisional law and of public and private official acts of any state.[2] This provision is also applicable to counties since they are, of course, legal departments of the state. (*Watson* v. *Los Altos School Dist.*, 149 Cal.App.2d 768, 772 [308 P.2d 782].) Cities, however, are municipal corporations which are distinct individual entities and are not connected political subdivisions of the states. As such, they do not have the legal status of counties. (*Otis* v. *City of Los Angeles*, 52 Cal.App.2d 605, 611-612 [126 P.2d 954].) Therefore, the trial court properly refused to take judicial notice of the records of the city's board of rights.

Furthermore, at the trial court proceedings, petitioner merely referred to a list of statistics of the police department complaints which was published in the Los Angeles Times. Petitioner did not present the list to the court; nor did he make any effort to subpoena any documentary material prior to trial. He did not refer to any decision by the board, but merely presented a general statistical summary which he claimed indicated the relative frequency with which the penalty of dismissal was imposed.

---

[1] Evidence Code section 452 states in pertinent part: "Judicial notice may be taken of the following matters to the extent that they are not embraced within Section 451: (a) The decisional, constitutional, and statutory law of any state of the United States and the resolutions and private acts of the Congress of the United States and of the Legislature of this state. (b) Regulations and legislative enactments issued by or under the authority of the United States or any public entity in the United States. (c) Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States. (d) Records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States. . . ."

[2] Evidence Code section 220 states: " 'State' means the State of California, unless applied to the different parts of the United States. In the latter case, it includes any state, district, commonwealth, territory, or insular possession of the United States."

The summary did not reveal whether conduct comparable to the conduct herein had been involved in these prior cases. ■ No evidence was offered by petitioner to show whether any of these prior cases would be in any way similar to his own case. The mere fact that some other officers were disciplined but not dismissed for some undefined improper conduct is irrelevant to the asserted issue of abuse of discretion. In the absence of some definite offer to show that there was discrimination in the penalty, the court is not compelled to consume its time in a mere fishing expedition. (See Evid. Code, § 453; *Smith* v. *Hatch,* 271 Cal.App.2d 39, 49 [76 Cal. Rptr. 350]; *Byrd* v. *Savage,* 219 Cal.App.2d 396, 402 [32 Cal.Rptr. 881]; *Yanke* v. *State Dept. Public Health,* 162 Cal.App.2d 600, 606 [328 P.2d 556]; *McPheeters* v. *Board of Medical Examiners,* 74 Cal.App.2d 46, 47 [168 P.2d 65].)

■ Moreover, there is no requirement that charges similar in nature must result in identical penalties. Nor was the board of rights bound to deal with all cases at all times in the same manner as it had dealt with some past cases that might seem comparable. (*Grannis* v. *Board of Medical Examiners,* 19 Cal.App.3d 551, 565 [96 Cal.Rptr. 863].)

The judgment of dismissal is affirmed.

Stephens, Acting P. J., and Ashby, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 28, 1973.