[Civ. No. 43509. Second Dist., Div. Five. Oct. 31, 1974.]

MIKE L. SALYER, Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES et al., Defendants and Respondents.

## Counsel

Ned R. Nelsen for Plaintiff and Appellant.

John H. Larson, County Counsel, and Roger M. Whitby, Deputy County Counsel, for Defendants and Respondents.

## Opinion

**KAUS, P. J.**—Administrative mandate. Petitioner Mike L. Salyer appeals from a judgment in favor of respondents Los Angeles County, the county's Civil Service Commission, and the sheriff's department.

■ Petitioner, a Los Angeles County deputy sheriff since 1964, was suspended and discharged for misconduct in October 1971. At the time, he was a vice bureau officer. He appealed his suspension and discharge to the Los Angeles Civil Service Commission, which, after a hearing, sustained the department's decision. He then sought a writ of mandate from the trial court, which, applying the "substantial evidence" test, upheld the commission and denied the writ.

After the judgment, *Strumsky* v. *San Diego Emloyees Retirement Assn.*, 11 Cal.3d 28 [112 Cal.Rptr. 805, 520 P.2d 29], was decided, holding that the superior court must exercise its independent judgment in reviewing any administrative agency order that affects a "fundamental vested right." (11 Cal.3d at p. 44.) This case involves petitioner's continued employment as a deputy sheriff, a fundamental vested right within the meaning of *Strumsky*, and the judgment must be reversed for the sole purpose of applying the *Strumsky* standard of review to the—conflicting—evidence. (*Perea* v. *Fales,* 39 Cal.App.3d 939, 941 [114 Cal.Rptr. 808]; *Rigsby* v. *Civil Service Com.,* 39 Cal.App.3d 696, 702 [115 Cal.Rptr. 490].)

### Facts

The following facts were developed at petitioner's hearing before the civil service commission after he was notified by letter—discussed below—of his suspension and discharge and the reasons for those actions.

On October 12, 1971, a Los Alamitos Police Department officer received an anonymous phone call from a female asking about the appearance of hashish and its effect on people. She stated that her husband was a Los Angeles County deputy sheriff and that two days earlier she had confronted her husband about some hashish and the day before she had smelled an

unusual odor in the garage. She phoned again the same day; the call was traced to petitioner's residence. The next day she phoned four times; the phone calls were recorded and transcribed. She told the officer that she believed her husband was keeping a quantity of hashish locked inside the trunk of the family car, which she described as a 1971 Grand Prix. She told the officer she had also phoned the Garden Grove Police Department to request information about marijuana or hashish.

On October 12 a Garden Grove Police Department officer also received a phone call from an anonymous woman asking about the use of marijuana or hashish. She told the officer that she believed her husband was smoking hashish in the garage and that she had found a pipe and a dark brown substance in a cufflink box in the garage. She reported that her husband claimed he was practicing for his job, and that her husband was a Los Angeles County deputy sheriff on the pornography detail.

The information received by the Los Alamitos Police Department was given to the sheriff's department at about noon on October 13.[1] The department decided to conduct a search. To avoid creating "problems at home" for petitioner, his superiors in the vice bureau decided to search the personal lockers and vehicles of all members of the pornographic detail on the pretext of looking for missing pornographic evidence.

Petitioner used his car, a 1971 Grand Prix, in his work. He was asked for the keys to the vehicle and to the trunk and after some hesitation produced both keys. A small cufflink box was found in the trunk. The box contained a handkerchief with the initial "M," a pipe, which turned out to contain marijuana residue, and a dark substance wraped in tinfoil, which turned out to be hashish.

When confronted with the evidence, petitioner said that he had found the box containing the articles earlier in the day, at 8:30 a.m., in a court parking lot, and that he intended to file a report. He later filed a report, stating that the box was found in the parking lot.

Petitioner was interviewed that day as part of an administrative investigation. He refused to discuss the matter with the interviewing officer until he had called his attorney. He was informed that, since it was an administrative and not a criminal investigation, he did not have the right to have counsel present during the interview. He then left the interview room to go to a phone booth. He was told to return to the interview room and ignored the order.

---

[1] The information from the Garden Grove police was not relayed until the 15th.

After an administrative investigation, petitioner was notified that he was suspended for a 30-day period without pay, and that he was discharged from the sheriff's department, effective the end of the suspension period.

Some conflicting evidence was developed at the hearing before the civil service commission, which made detailed findings of fact and conclusions of law. Although, as we will discuss, the evidence amply supports the findings and the findings clearly support the conclusion,[2] the trial court could have believed petitioner's version[3]—that he experimented only with imitation hashish and found the real stuff in the parking lot; that any delay in filing a report about the parking lot discovery was explainable; and that there is no evidence he did not return to the administrative hearing within a reasonable time after being so ordered. It is for this reason that we must reverse under *Strumsky*.

We shall, however, discuss certain other issues raised by petitioner which will necessarily arise again.

## DISCUSSION

*Notice*

The October 29 suspension and discharge letter informed petitioner that department action was based on the fact that he had violated specified sections of the Sheriff's Manual of Policy and Ethics. These sections required that department members not wilfully violate any laws and obey lawful orders by superiors; use habit-forming drugs only under prescription; not make false statements; make full and truthful statements in departmental investigations; and not make false records or reports.

The letter stated that hashish and a hashish pipe were discovered in petitioner's vehicle; that he left an interview without permission and refused a direct order to return; and that he filed a false police report to cover his illegal activities.

Petitioner points out that the rules of the civil service commission require that a permanent employee may not be discharged unless he has been "presented in writing with reasons . . . [which] shall state the specific grounds and the particular facts upon which the discharge . . . is

---

[2] In other words, had the trial court, in denying the writ, exercised its independent judgment, we would be bound to say that its findings are supported by substantial evidence in the record. (*Moran* v. *Board of Medical Examiners*, 32 Cal.2d 301, 308-309 [196 P.2d 20]; *Rigsby* v. *Civil Service Com., supra*, 39 Cal.App.3d 696, 701.)

[3] Petitioner did not testify. He bases his case on the inferences to be drawn from the department's evidence.

based . . . ." (Los Angeles County Civ. Serv. Com. Rule 19.02; see Los Angeles County Charter, § 34 [Stat. 1972, Res. Ch. § 166].)

Petitioner contends that the "reasons" or facts set forth in the letter are insufficient to satisfy the requirements of the rules. The contention is without merit. At no time before or at the commission hearing did petitioner object that the notice provided by the letter was inadequate, and even assuming that the "reasons" given in the letter were inadequately detailed, petitioner cannot complain now. (*Nelson* v. *Dept. Alcoholic Bev. Control,* 166 Cal.App.2d 783, 787-788 [333 P.2d 771]; *Bohn* v. *Watson,* 130 Cal. App.2d 24, 41 [278 P.2d 454].)

*Sufficiency of the Evidence*

Petitioner's challenge to the sufficiency of the evidence is premised on the assumption that if any charge is unsupported, the commission cannot affirm the discharge because the sheriff's department might have imposed lesser discipline if any of the charges had not been included in the department's "reasons." He relies by analogy on those cases in which the appellate court has remanded a disciplinary proceeding to the administrative agency, where not all of the board's findings on which the punishment is based are supported by the evidence. (E.g., *Walker* v. *State Personnel Board,* 16 Cal. App.3d 550, 556 [94 Cal.Rptr. 132].)

We need not decide whether the analogy applies as a general rule. For present purposes we need only note that the charges are all supported by adequate evidence.

Petitioner's challenge to the sufficiency of the evidence founders because it is based on a misconception of the charges made against him, and therefore what the commission was required to find to be true.

■ The letter, as noted, specified the policy and ethics manual sections that petitioner had violated and described the instances of misconduct. The letter further stated that petitioner was "given the opportunity to take a polygraph examination" and had declined the offer. Petitioner points out that the commission failed to make findings about the polygraph examination. However contrary to his contention, the commission was not required to make any such findings. Petitioner was not charged with failing to take a polygraph examination. The reference to such an examination was merely a—possibly self-serving—statement that petitioner had been given an opportunity to clear himself and had declined.

■ The suspension and discharge letter also stated: "By your actions, you have brought discredit and embarrassment to yourself and the Depart-

ment." Again, the commission was not required to make findings whether petitioner brought discredit and embarrassment to himself and the department. The statement was a conclusion, not an accusation.

Moreover, the conclusion was reflected in the commission's findings that petitioner's conduct "renders him unfit for further service as a peace officer," and his "unfitness"—or "discredit and embarrassment"—may be inferred from the nature of his conduct. (*Rigsby* v. *Civil Service Com., supra,* 39 Cal.App.3d 696, 702.)

■ Finally, petitioner contends that the commission based its decision on inadmissible hearsay, that is, the officers' testimony and tape transcriptions of his wife's phone calls. Petitioner is mistaken. He was not charged with use of marijuana or similar drugs based on his wife's phone calls. Rather, the letter stated that the department had investigated *"allegations* that you illegally possessed and used . . . hashish . . . . Further information was developed . . . which *tended to substantiate* the validity of the allegations, and a quantity of the narcotic *hashish and a hashish pipe were discovered in your vehicle."* (Italics added.)

Evidence of the phone calls was introduced at the commission hearing solely to establish probable cause for the sheriff's departmental search of petitioner's vehicle.[4] While the commission's findings included a statement of the sequence of events that led to the search of petitioner's car, it does not follow that the conclusion that petitioner possessed marijuana or hashish was based on his wife's statements, rather than on the more direct and tangible evidence of possession discovered in the trunk of his car.

In any event, hearsay evidence may be considered along with other evidence in a proceeding before this civil service commission (see *Los Angeles County Civ. Serv. Com.* Rule 5.08), and even if the hearsay was accepted by the commission as substantive evidence, the statements merely tended to supplement and explain the evidence of drug possession based on the items found in petitioner's car. (Cf., *Martin* v. *State Personnel Bd.,* 26 Cal.App.3d 573, 579-580 [103 Cal.Rptr. 306].)[5]

*Illegal Search and Seizure*

■ Petitioner contends, first, that the exclusionary rule applies to disciplinary proceedings, and, second, that the evidence taken from his car

---

[4]Whether such "probable cause" was needed is another matter discussed below.

[5]Although the department stated it was using the statements only to establish "good cause," petitioner's attorney stated: ". . . hearsay evidence *is* admissible in this proceeding . . . ."

was inadmissible because the search was unlawful. We need not decide whether the exclusionary rule applies to a police disciplinary proceeding (see *Emslie* v. *State Bar,* 11 Cal.3d 210, 229-230 [113 Cal.Rptr. 175, 520 P.2d 991]), since, in any event, the search was lawful.

The phone calls, traced to petitioner's residence, were made on October 12 and 13; his vehicle was searched on the 13th. The phone calls, without more, provided the department with probable cause to obtain a search warrant. (*Krauss* v. *Superior Court,* 5 Cal.3d 418, 421 [96 Cal.Rptr. 455, 487 P.2d 1023].) However, a warrant was not needed in the circumstances. First, the search by petitioner's superiors was comparable to an administrative search and the burden of obtaining a warrant was likely to frustrate the governmental purpose of weeding out criminal police officers. (Cf. *People* v. *Hyde*, 12 Cal.3d 158, 168 [115 Cal.Rptr. 358, 524 P.2d 830].)

Second, petitioner's expectations of privacy were minimal. At the time of the search, he was using his car in the performance of his duties, and was reimbursed for his expenses. Although, as petitioner points out, the mere fact that an employee is reimbursed for automobile expenses would not justify periodic searches by an employer, the particular use of the car when combined with the particular interest of the department in the discipline of its members, amply justified any failure to obtain a warrant.

*Excessive Penalty*

Petitioner claims that discharge from the sheriff's department after seven years is too "drastic [a] punishment" for the possession of a small amount of marijuana. His discussion of the merits of criminalizing the use of marijuana is grossly misdirected. Petitioner's duty as a police officer was to enforce the law equally, and, in petitioner's case, to enforce vice laws. He cannot walk up one side of the street arresting persons for possessing one kind of contraband and down the other side possessing different contraband for his own use.

The judgment is reversed. The case is remanded with directions to make findings applying the standard of review set forth in *Strumsky*. Neither party shall recover costs in this court.

Stephens, J., and Ashby, J., concurred.

A petition for a rehearing was denied November 27, 1974, and appellant's petition for a hearing by the Supreme Court was denied December 26, 1974.