[Civ. No. 2075. Fifth Dist. Apr. 1, 1975.]

DONALD LAKE, Plaintiff and Respondent, v.
CIVIL SERVICE COMMISSION OF THE FIRE DEPARTMENT
OF THE CITY OF BAKERSFIELD et al.,
Defendants and Appellants.

COUNSEL

Kenneth W. Hoagland, City Attorney, for Defendants and Appellants.

Chain, Younger, Jameson, Lemucchi & Busacca and Timothy Lemucchi for Plaintiff and Respondent.

OPINION

BROWN (G. A.), P. J.—Donald Lake was employed as a fireman with the City of Bakersfield. On January 2, 1972, the city filed charges before the Civil Service Commission of the Fire Department charging Lake with (1) a violation of city charter section (202) 20 and of article 17, section 49 of the rules and regulations of the fire department, that is, engaging in other employment at the time Lake was employed as a fireman; (2) a violation of article 17, sections 7 and 74, that is, acting in a manner prejudicial to the good reputation of the fire department by stealing property belonging to others. On March 17, 1972, after a full hearing before the trial board of the civil service commission, at which Lake was represented by counsel, he was found guilty of both charges by the trial board, and the board ordered that he be discharged from service.

Lake sought a writ of administrative mandamus pursuant to Code of Civil Procedure section 1094.5 to review the order of the trial board and to compel his reinstatement. On March 19, 1973, the superior court filed a memorandum decision,[1] following which it entered a "Judgment Granting Peremptory Writ of Mandamus" commanding the trial board to set aside a decision and to reconsider its action in light of the court's written memorandum decision.

---

[1]The court's memorandum decision stated:

"The Court feels that the Order of the Civil Service Board in consolidating Petitioner's trial with the other three firemen was error. It is also the View of the Court that it is reasonably probable that a different decision would have been reached. This decision is reached after a second reading of the entire transcript.

"The Court also feels that the punishment, i.e. dismissal, was too severe. It is common knowledge and not denied by the Fire Department that a majority of its members were 'moonlighting.' Moreover, while the Civil Service Board was free to find that Defendant was guilty of petty theft, some credence should have been given to the acquital [sic] of Petitioner by a trial jury in the Municipal Court.

"The matter is remanded to the Civil Service Board to reconsider the case in light of this Court's opinion and judgment."

The Board of Civil Service Commissioners of the Fire Department of the City of Bakersfield has appealed.

█ While the appeal from the adverse judgment was pending, the California Supreme Court held in *Strumsky* v. *San Diego County Employees Retirement Assn.* (filed Mar. 25, 1974) 11 Cal.3d 28, 44-45 [112 Cal.Rptr. 805, 520 P.2d 29], that ". . . in all such cases [review of local agency decisions], if the order or decision of the agency substantially affects a fundamental vested right, the court, in determining under section 1094.5 of the Code of Civil Procedure whether there has been an abuse of discretion because the findings are not supported by the evidence, must exercise its independent judgment on the evidence and find an abuse of discretion if the findings are not supported by the weight of the evidence."

It is well established that public employment which provides for discharge only for "cause" shown is a fundamental vested right to which the standard of review specified by *Strumsky* is applicable. (*Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143 [93 Cal.Rptr. 234, 481 P.2d 242]; *Valenzuela* v. *Board of Civil Service Comrs.* (1974) 40 Cal.App.3d 557, 560-565 [115 Cal.Rptr. 103]; *Rigsby* v. *Civil Service Com.* (1974) 39 Cal.App.3d 696, 700 [115 Cal.Rptr. 490].)

In a subsequent modification of its opinion in *Strumsky,* the Supreme Court specified that the announced rule was applicable "to all pending and future proceedings in trial courts and all pending and future appeals." (11 Cal.3d at p. 45.)

The parties stipulated at the oral argument that the trial court in the cause at bench followed the substantial evidence rule in reviewing the evidence. Since this was a pending appeal, we are compelled to reverse the judgment in order to enable the trial court to reconsider the matter by exercising the standard of review set forth in *Strumsky.*

For the guidance of the trial court on remand, we deem it appropriate to make a few observations.

The trial is not de novo in the superior court, but review should be made on the record in the administrative hearing. (*Hadley* v. *City of Ontario* (1974) 43 Cal.App.3d 121, 127 [117 Cal.Rptr. 513].)

The trial court's function is limited to applying the *Strumsky* test to the issue of Lake's guilt or innocence of the charges. The discretion of the trial court in fixing the penalty has not been changed by *Strumsky*. ■ The propriety of a penalty imposed by an administrative agency is a matter vested in the discretion of the agency, and its decision may not be disturbed unless there has been a manifest abuse of discretion. (*Rigsby* v. *Civil Service Com., supra,* 39 Cal.App.3d at p. 702; *Cadilla* v. *Board of Medical Examiners* (1972) 26 Cal.App.3d 961, 966 [103 Cal.Rptr. 455]; *Wingfield* v. *Fielder* (1972) 29 Cal.App.3d 209, 221 [105 Cal.Rptr. 619].) ■ In reviewing the penalty imposed by an administrative body, which is duly constituted to announce and enforce such penalties, neither a trial court nor an appellate court is free to substitute its own discretion as to the matter nor can the reviewing court interfere with the imposition of a penalty by an administrative tribunal because in the court's own evaluation of the circumstances the penalty appears to be too harsh. (*Collins* v. *Board of Medical Examiners* (1972) 29 Cal.App.3d 439, 446 [105 Cal.Rptr. 634]; *Cadilla* v. *Board of Medical Examiners, supra,* at p. 966.) Such interference, in the light of the foregoing authorities, will only be sanctioned when there is an arbitrary, capricious or patently abusive exercise of discretion by the administrative agency. (*Cadilla* v. *Board of Medical Examiners, supra.*)

One of the tests suggested for determining whether the administrative body acted within the area of its discretion is whether reasonable minds may differ as to the propriety of the penalty imposed. The fact that reasonable minds may differ will fortify the conclusion that there was no abuse of discretion. (*Marino* v. *City of Los Angeles* (1973) 34 Cal.App.3d 461, 464 [110 Cal.Rptr. 45]; *Cadilla* v. *Board of Medical Examiners, supra,* 26 Cal.App.3d at p. 968; see also *Salyer* v. *County of Los Angeles* (1974) 42 Cal.App.3d 866, 874 [116 Cal.Rptr. 27]; *Rigsby* v. *Civil Service Com., supra,* 39 Cal.App.3d at p. 696.)

Even potential discredit to a department, regardless of an employee's motivation in his conduct, may be considered cause for discharge. (*Rigsby* v. *Civil Service Com., supra,* 39 Cal.App.3d at p. 702.) The rationale in these decisions is basically that the conduct of a public official should be beyond reproach. (*Salyer* v. *County of Los Angeles, supra,* 42 Cal.App.3d at p. 874; *Rigsby* v. *Civil Service Com., supra,* 39 Cal.App.3d at p. 702.)

On the other hand, if the penalty imposed was under all the facts and circumstances clearly excessive and an abuse of discretion, a writ may

issue requiring the board to reconsider its penalty. (Code Civ. Proc., § 1094.5; *Nightingale* v. *State Personnel Board* (1972) 7 Cal.3d 507, 515 [102 Cal.Rptr. 758, 498 P.2d 1006].)[2]

Lastly, counsel stipulated at the oral argument that they abandon any contention that there was error in the administrative hearing which allegedly deprived Lake of a fair hearing due to his hearing having been consolidated with three other members of the fire department.

The judgment is reversed and the cause is remanded with directions to the trial court to rehear the matter and make new findings applying the standards of review set forth in *Strumsky* and in this opinion. Neither party shall recover costs on appeal.

Gargano, J., and Thompson, J.,* concurred.

---

[2]In light of these principles, it is obvious that the trial court applied the improper standard to its consideration of penalty when it stated in its memorandum decision:

"The Court also feels that the punishment, i.e. dismissal, was too severe. It is common knowledge and not denied by the Fire Department that a majority of its members were 'moonlighting.' Moreover, while the Civil Service Board was free to find that Defendant was guilty of petty theft, some credence should have been given to the acquittal [*sic*] of Petitioner by a trial jury in the Municipal Court."

The test is not whether the court "feels" the penalty was too severe but whether the trial board abused its discretion in applying the legal principles set forth in the above cases to the facts. Moreover, what is common knowledge is not in the record. The fire chief expressly denied moonlighting was widespread. The acquittal on the criminal charge of petty theft is not only hearsay but is opinion evidence, and, having been admitted, it was entitled to little or no weight in the light of the different standards of proof prevailing in a criminal prosecution for theft vis-a-vis an employee's civil service commission hearing.

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.