[Civ. No. 48465. Second Dist., Div. Three. Feb. 24, 1977.]

EDNA VALLEY ASSOCIATION et al., Plaintiffs and Appellants, v. SAN LUIS OBISPO COUNTY AND CITIES AREA PLANNING COORDINATING COUNCIL et al., Defendants and Respondents.

## COUNSEL

Crossman, Weaver & Geihs and Paul A. Geihs for Plaintiffs and Appellants.

Robert N. Tait, District Attorney, James B. Lindholm, Jr., Assistant District Attorney, and Joanne Fenton, Deputy District Attorney, for Defendants and Respondents.

## OPINION

**COBEY, Acting P. J.**—Plaintiffs, Edna Valley Association and Albert C. LoMele, appeal from a judgment of dismissal of their class action for declaratory and injunctive relief challenging the sufficiency of an environmental impact report (hereafter EIR) prepared prior to the adoption by defendant, San Luis Obispo County and Cities Area Planning Coordinating Council (Council), of the San Luis Obispo Regional Transportational Plan on April 17, 1975.

The judgment of dismissal was made and entered following the sustaining, without leave to amend, of defendants' general demurrer to plaintiffs' complaint.[1] This demurrer was sustained on the basis that the Environment Quality Act of 1970 (hereafter CEQA) (Pub. Resources Code, § 21000 et seq.).[2] and the guidelines issued thereunder (Cal. Admin. Code, tit. 14, §§ 15000-15192), exempt the Council, a regional transportation agency (see Gov. Code, §§ 29532, subd. (b), 65080, subds. (a), (b)), from the requirement of an EIR prior to the Council's adoption of a regional transportation plan. According to the trial court, such

---

[1] Defendants, other than the Council, are merely its individual members and its secretary. We will therefore hereafter usually refer to the Council rather than to defendants generally.

[2] CEQA is found in the Public Resources Code and all references to its sections are to be understood as references to sections of the Public Resources Code.

exemption stems from the plan being only a feasibility and planning study (see CEQA § 21102), and a legislative proposal (see Guidelines, § 15037, subd. (b)(2)), since, pursuant to Government Code sections 65080, subdivision (b), 14040.2 and 14040.6, the plan is submitted to the State Department of Transportation to be incorporated into the California Transportation Plan, which latter plan is to be adopted by the State Transportation Board following an appropriate legislative declaration of statewide transportation goals, objectives and policies. The trial court's conclusion that no EIR was required of the Council under CEQA prior to its adoption of the Regional Transportation Plan also rested upon an Attorney General's opinion that no EIRs were required in the development of the California Coastal Zone Conservation Plan because this plan was a legislative proposal. (See 58 Ops.Cal.Atty.Gen. 814, 818.)

*The EIR Requirement*

█ We hold that the trial court erred in so concluding. In making this determination, we have been guided by the pronouncement by our Supreme Court, originally made in *Friends of Mammoth* v. *Board of Supervisors,* 8 Cal.3d 247, 259 [104 Cal.Rptr. 761, 502 P.2d 1049], and substantially repeated in *Wildlife Alive* v. *Chickering,* 18 Cal.3d 190, 198 [132 Cal.Rptr. 377, 553 P.2d 537], that the Legislature intended the act "to be interpreted in such manner as to afford the fullest possible protection to the environment within the reasonable scope of the statutory language" and have also been mindful of the related circumstance that the preparation of an EIR is the key to environmental protection under CEQA. (*No Oil, Inc.* v. *City of Los Angeles,* 13 Cal.3d 68, 75 [118 Cal.Rptr. 34, 529 P.2d 66].) Our determination, though, rests as well upon the following analysis of the pertinent provisions of CEQA and the guidelines thereunder.

Section 21151 of CEQA states that all local agencies shall prepare (or cause to be prepared) and certify an EIR on any project they intend to approve,[3] which may have a significant effect on the environment. The Council is a local agency under the act. (§§ 21062, 21063.) A "project" under the act includes "activities directly undertaken by any public agency" (§ 21065, subd. (a)), and the act applies generally to discretionary projects proposed to be approved by public agencies. (§ 21080, subd. (a).)

---

[3]We regard the adoption of a regional transportation plan as a form of approval thereof. (See Guidelines, § 15021.)

Section 15037, subdivision (a)(1), of the aforementioned guidelines further defines "project" as "the whole of an action, which has a *potential* for resulting in a physical change in the environment, directly or *ultimately* . . . ." (Italics added.) Among the activities directly undertaken by a public agency that are cited by way of illustration in this subdivision are the adoption of a local general plan or elements thereof. Such elements may include a circulation element, a transportation element, or a transit element. (See Gov. Code, §§ 65302, subd. (b), 65303, subds. (c), (d).) These possible elements of a general plan clearly resemble the type of plan before us.

This same section of the guidelines says that a project under the act does not include, among other things, generally, proposals for legislation to be enacted by the state Legislature. But the Regional Transportation Plan before us is not such a proposal because, although it, or perhaps a modification thereof, is to become a component of the California Transportation Plan, that plan, as previously noted, is to be adopted by the State Transportation Board and not by the Legislature.[4]

Nor is the Regional Transportation Plan at issue just a feasibility and planning study for possible future action and, therefore, exempt from the EIR requirement of the act under section 21102 thereof. This is so for at least two reasons. First, the section, read literally, applies only to state agencies. Second, and more importantly, this exemption applies only to studies that, among other things, have not been adopted by the agency. (See Guidelines, § 15072.)

It cannot be disputed that the Regional Transportation Plan at issue, when implemented, may have a significant effect upon the environment. It is a document which potentially and ultimately may have great effect upon the environment within San Luis Obispo County. (Cf. *Bozung* v. *Local Agency Formation Com.,* 13 Cal.3d 263, 280-281 [118 Cal.Rptr. 249, 529 P.2d 1017].) Consequently, in accordance with the policy expressed in section 15013, subdivision (b), of the guidelines, an EIR, with respect

---

[4]In this connection, we note that our Attorney General, in opining that EIRs were not required in connection with the development of the California Coastal Zone Conservation Plan, had a basis for his conclusion other than the fact that the completed plan was to be a legislative enactment. This was that the coastal plan was to be developed by a process functionally equivalent to the EIR process. (58 Ops.Cal.Atty.Gen. 814, 818-819.)

to the Regional Transportation Plan, should have been prepared as early as feasible.[5]

*The Availability of Judicial Notice of the EIR*

The Council asks that we take judicial notice of (1) the joint powers agreement establishing the Council, (2) the EIR, and (3) the Regional Transportation Plan of the Council. The trial court was likewise requested to judicially notice these documents, among other things. Plaintiffs opposed this request and apparently the trial court did not have to avail itself of the requested judicial notice because of its erroneous conclusion that no EIR was required.[6]

We may judicially notice any matter that the trial court could have properly judicially noticed. (Evid. Code, § 459.) In passing on the Council's demurrer, the trial court could have judicially noticed the EIR if it were properly judicially noticeable. (See Code Civ. Proc., § 430.30.) The Council contends that we may judicially notice the contents of the EIR at issue and that if we do so we shall find such contents to be sufficient as a matter of law.

The problem with this approach to upholding the judgment under appeal is that the EIR is not a document which courts in this state may judicially notice. Evidence Code section 450 provides that "[j]udicial notice may not be taken of any matter unless authorized or required by law." (See Evid. Code, § 160.) The only authorization for judicial notice pertinent to the problem before us is Evidence Code section 452, subdivision (c).[7]

Under it California courts have taken judicial notice of the records of a county commission since counties are legal subdivisions of the state (Cal.Const., art. XI, § 1, subd. (a); Gov. Code, § 23002), but have refused to take judicial notice of the records of a municipal police

---

[5]This was actually done.

In deciding that the EIR requirement of CEQA applies in the situation before us, we have chosen not to rely on Government Code section 65081, subdivision (d), because of the intrinsic ambiguity therein.

[6]The trial court did have before it otherwise a complete and true copy of the joint powers agreement submitted in support of defendants' motion to quash service of summons.

[7]This subdivision reads: "Official acts of the legislative, executive, and judicial departments of the United States and of any state of the United States."

department since cities are not. (*Marino* v. *City of Los Angeles,* 34 Cal.App.3d 461, 465 [110 Cal.Rptr. 45].) The Council is a creature of the County of San Luis Obispo and of the incorporated cities of that county. Its acts cannot be deemed to be acts of either the State of California or of one of its subdivisions. Therefore, judicial notice may not be taken of the EIR at issue because such judicial notice is not authorized by either the statutory or the decisional law of this state.

*Remaining Contentions*

The Council's remaining contentions do not merit extended discussion. An actual controversy obviously exists between the Council and plaintiffs over the sufficiency under CEQA of the Council's EIR, both in contents and otherwise. Plaintiffs have no administrative remedy available to them to challenge specifically this sufficiency. There is no need to make the state, the county and the cities parties to this litigation. (Cf. *Serrano* v. *Priest,* 18 Cal.3d 728, 751-753 [135 Cal.Rptr. 345, 557 P.2d 929].) Whether injunctive relief is now warranted or appropriate is something that the trial court will have to decide, at least initially. Likewise, the trial court may wish to determine initially hereafter whether relief by way of mandate may be preferable to declaratory relief under the circumstances of this case.

DISPOSITION

The judgment of dismissal is reversed.

Allport, J., and Potter, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied April 28, 1977.