Solomon **MULUGETA**, Plaintiff—
Appellant,

v.

**REGENTS OF THE UNIVERSITY OF SAN FRANCISCO, Defendant—
Appellee.**

No. 02–16984.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 2003.

Decided Nov. 3, 2003.

Tesfaye W. Tsadik, Attorney at Law, Oakland, CA, for Plaintiff–Appellant.

Lisa G. Ludlow, Esq., Larry E. Wollert, II, Gordon & Rees LLP, San Francisco, CA, for Defendant–Appellee.

Before: CUDAHY,* GOODWIN, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Solomon Mulugeta appeals a judgment denying a writ of administrative mandamus, a state law remedy he first sought in the Superior Court for the City and County of San Francisco, to remedy an adverse decision in an employment grievance proceeding against his employer, the Regents of the University of California ("Regents"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

After beginning as a parking assistant at the University of California at San Francisco ("University"), Mulugeta worked in a

---

* The Honorable Richard D. Cudahy, United States Circuit Judge for the Seventh Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

variety of jobs between 1983 and 1998, when he was hired as a real estate analyst. A question then arose about the manner in which he handled funds over which he had control, and following an investigation, he was discharged. He challenged his discharge without success in the University's grievance proceedings and commenced this litigation.

Mulugeta first brought this action in state court alleging race and national origin discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), retaliation in violation of California Government Code section 8547.10, intentional infliction of emotional distress and wrongful termination. Mulugeta then filed a second complaint in state court alleging race and national origin discrimination in violation of Title VII of the Civil Rights Act of 1964, and filed a petition for a writ of administrative mandamus. After the parties agreed to consolidate the actions, the Regents removed the litigation to the District Court for the Northern District of California.

In July 2002, the district court denied the parties' cross-motions for summary judgment on Mulugeta's petition for a writ of administrative mandamus. The district court also denied the Regents' motion for summary judgment on the claims of discrimination under Title VII. The district court granted the Regents' motion for summary judgment that Mulugeta's state law claims were premature, holding that Mulugeta must first overturn the findings made at the grievance hearing by obtaining a writ of administrative mandamus. In September 2002, the district court denied Mulugeta's petition for a writ of administrative mandamus on the merits. The district court set the pending Title VII claim for trial, but Mulugeta voluntarily dismissed the claim and appealed the judgment denying administrative relief.

On appeal, Mulugeta contends that the Regents violated their own regulations while investigating him, that his conduct does not constitute misuse as defined in the regulations and that the penalty of outright termination is excessive. Furthermore, he argues that the district court abused its discretion in dismissing his state law claims.

■ The complex facts are well known to the parties, and have been carefully reviewed by the district court and by this court. It is sufficient to state that the record contains substantial evidence to support the Regents' decision to terminate Mulugeta. *See Ishimatsu v. Regents of the Univ. of Cal.*, 266 Cal.App.2d 854, 862, 72 Cal.Rptr. 756, 761 (1968) ("It is now settled that where the statewide agency is delegated quasi-judicial power by the Constitution, the reviewing court is limited to determining whether there was substantial evidence supporting the agency's decision."). While, as the district court noted, reasonable minds could reach different conclusions about whether Mulugeta's irregularity in the handling of university funds warranted his discharge, *see Mulugeta v. Regents of the Univ. of Cal.*, No. 01–0332, slip op. at 10 (N.D.Cal. July 22, 2002), the result was clearly within the discretion of the employer, and was not excessive as a matter of law. *See Lake v. Civil Serv. Comm'n*, 47 Cal.App.3d 224, 228, 120 Cal.Rptr. 452, 455 (1975) ("The fact that reasonable minds may differ will fortify the conclusion that there was no abuse of discretion.").

■ Mulugeta's remaining contentions are also without merit. His argument that the Regents failed to follow certain internal regulations in investigating his alleged misconduct fails because, as the district court found, Mulugeta presented insufficient evidence to support his allegation, and the Regents presented evidence that

the regulations do not apply in the manner Mulugeta suggests. We also conclude that the district court properly dismissed Mulugeta's state law claims until he prevailed on his petition for a writ of administrative mandamus. *See Johnson v. City of Loma Linda,* 24 Cal.4th 61, 76, 99 Cal.Rptr.2d 316, 327, 5 P.3d 874, 884 (2000) ("We conclude that when, as here, a public employee pursues administrative civil service remedies, receives an adverse finding, and fails to have the finding set aside through judicial review procedures, the adverse finding is binding on discrimination claims under the FEHA."); *Castillo v. City of Los Angeles,* 92 Cal.App.4th 477, 485–86, 111 Cal.Rptr.2d 870, 878–79 (2001).

■ Mulugeta did not present in his administrative proceeding the argument that forms the basis of his FEHA claim, that he was discriminated against on account of his race or ethnicity. His counsel explicitly stated that evidence that he was treated differently from other employees who had committed similar irregularities was to go to discrimination in the "general arbitral employment sense," not in the racial or ethnic sense. The ultimate issue decided in the grievance hearing, however, was that Mulugeta was dismissed "in compliance with applicable University policies." Mulugeta had the opportunity to fully litigate the racial or ethnic discrimination issue during the grievance hearing, and a subsequent FEHA claim of dismissal for racially discriminatory reasons would be inconsistent with the administrative determination that his dismissal was proper. Therefore, his failure to present evidence of racial discrimination that may have been relevant to the grievance hearing officer's final factual determination does not defeat the preclusive effect of the administrative

proceeding. *People v. Sims,* 32 Cal.3d 468, 481, 186 Cal.Rptr. 77, 85, 651 P.2d 321, 329 (1982); *Thibodeau v. Crum,* 4 Cal.App.4th 749, 755, 6 Cal.Rptr.2d 27, 30 (1992) ("[A] prior judgment is *res judicata* on matters which were raised or could have been raised, on matters litigated or litigable"); *City and County of San Francisco v. Ang,* 97 Cal.App.3d 673, 678, 159 Cal.Rptr. 56, 58 (1979) (holding that where a quasi-judicial administrative agency has jurisdiction to decide a matter, the doctrine of res judicata applies to its decision).

AFFIRMED.