[Civ. No. 39412. First Dist., Div. Three. June 14, 1977.]

THOMAS H. ZINK, Plaintiff and Respondent, v.
CITY OF SAUSALITO, Defendant and Appellant.

## Counsel

Bagshaw, Martinelli, Corrigan & Jordan and Leland H. Jordan for Defendant and Appellant.

James B. Leech for Plaintiff and Respondent.

## OPINION

**DRAPER, P. J.**—Until 1974, there were two standards for review by trial courts of decisions of administrative bodies (Code Civ. Proc., § 1094.5). If the agency was one of legislative origin having statewide jurisdiction, the courts were to exercise independent judgment and determine whether the administrative findings were supported by the weight of the evidence. In contrast, in reviewing decisions of local agencies and state agencies of local jurisdiction, the courts were to determine only whether the administrative decision was supported by substantial evidence (see *Strumsky* v. *San Diego County Employees Retirement Assn.,* 11 Cal.3d 28, 31-32 [112 Cal.Rptr. 805, 520 P.2d 29]). *Strumsky* modified that rule, extending the requirement of independent weighing of the evidence to all administrative agencies if the decision substantially affects a fundamental vested right. But the independent judgment rule never supplanted the limitation that review of the penalty administratively imposed in an employee disciplinary proceeding can be disturbed only for a manifest abuse of discretion, and *Strumsky* has not altered that limitation.

Thomas H. Zink, petitioner below and respondent here, was a sergeant in the police force of appellant city. He was dismissed from city employment May 19, 1970 by the city manager. Pursuant to city ordinance, he appealed to the city council. Evidence was introduced before a hearing officer, who concluded that Zink had "used bad judgment, disregarded departmental policy rules and procedure, and been guilty of inexcusable neglect and incompetence in the performance of his duties." But the hearing officer recommended that the dismissal be set aside, and that Zink be reduced to the rank of patrolman. The city council reviewed transcript of testimony before the hearing officer, and on September 7, 1971 unanimously affirmed the discharge. Zink applied to the superior court for writ of mandate. That court concluded that the council's findings did not support its decision, and ordered reinstatement of Zink in the police force, but "at a rank not lower than Patrolman, Top Step." The city appealed. In an unpublished decision (1 Civ. 31545), Division One of this court pointed out that there was substantial evidence to support either the determination of the council or that of the hearing officer and the trial court. The council had adopted the "findings" of the hearing officer, who had but summarized the evidence, without resolving conflicts therein. This absence of adequate findings made it impossible to determine whether the council's action constituted

an abuse of discretion. The judgment was reversed with directions to remand to the council for further proceedings, including proper findings.

By this time, four of the 1971 council members had been replaced. The new council reviewed transcript of the evidence taken by the hearing officer. One new council member abstained because she felt unable to determine the issues from the written transcript without observing the witnesses. On April 11, 1975, the remaining four members, only one of whom had participated in the 1971 decision, affirmed the discharge of Zink.

Zink again sought writ of mandate in the superior court. The council had found that Zink, at and before his dismissal, was "emotionally disturbed and unstable." The court found that this determination was not supported by the weight of the evidence. But it found ample support for the council's findings of several serious disciplinary infractions including: going to the police station, while intoxicated, to pursue an argument with an officer on duty; reporting for duty on a number of occasions with the odor of alcohol on his breath; making an unauthorized early morning request to a court clerk to dismiss a traffic charge set for trial that day, Zink having in fact gone hunting after the telephone call; use of amphetamines while on duty despite orders not to do so; and negligently discharging a firearm in the police station. Similarly upheld were 13 lesser infractions. Weighing the conflicting evidence as to emotional stability, the court disagreed with the council's finding, and therefore properly struck it. But the court went on to order that Zink be reinstated "in a rank not lower than Patrolman." The city appeals.

■ Since Zink was no longer a probationary employee, he had a "fundamental vested right" in his employment, and the trial court, under *Strumsky*, properly reweighed the evidence on the issue of truth or falsity of the charges against him (*Lake* v. *Civil Service Commission,* 47 Cal.App.3d 224 [120 Cal.Rptr. 452]; *Rigsby* v. *Civil Service Com.,* 39 Cal.App.3d 696 [115 Cal.Rptr. 490]) and the parties so agree.

■ But the *Strumsky* test applies only to the issue of guilt or innocence of the charges. Discretion in fixing the penalty for infractions is not vested in the trial court. That discretion remains in the administrative body, and will not be disturbed unless there has been a manifest abuse of its discretion (see *Lake* v. *Civil Service Commission, supra*; *Rigsby* v. *Civil Service Com., supra,* at p. 702).

This is the rule applied in independent review cases before *Strumsky* (e.g., *Cadilla* v. *Board of Medical Examiners,* 26 Cal.App.3d 961 [103 Cal.Rptr. 455]). When the trial court's independent review of the evidence determines that some of the substantive findings of misconduct are unsupported by the evidence, remand to the administrative body is the only means of permitting it to exercise its discretion. (*Bonham* v. *McConnell,* 45 Cal.2d 304, 306 [288 P.2d 502].) Judicial power to find abuse of administrative discretion in fixing a penalty is strictly limited. Upon the record before us, we cannot say that the council would abuse its discretion by affirming Zink's dismissal upon the charges which the trial court found to be established.

The judgment is reversed, with directions to the trial court to remand to the city council for fixing of penalty upon the charges found by the court to be sustained.

Scott, J., and Racanelli, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.