[Civ. No. 61155. Second Dist., Div. Five. Mar. 16, 1981.]

KENNETH E. KIRKPATRICK, Plaintiff and Respondent, v.
CIVIL SERVICE COMMISSION FOR THE COUNTY
OF LOS ANGELES, Defendant and Appellant.

COUNSEL

John H. Larson, County Counsel, and Philip S. Miller, Deputy County Counsel, for Defendant and Appellant.

MacDonald, Halsted & Laybourne, John R. Shiner and R. Allan Kuhlman for Plaintiff and Respondent.

OPINION

ASHBY, J.—Appellant Civil Service Commission of the County of Los Angeles appeals from an order of the superior court remanding to the commission the matter of respondent Kenneth E. Kirkpatrick, a county employee, for reconsideration of discipline to be imposed.

On November 19, 1974, the Los Angeles County Board of Supervisors discharged respondent from his position as chief probation officer. Respondent demanded a hearing before the civil service commission, which upheld his discharge, finding 14 ways in which respondent failed

to manage his department effectively. The superior court granted a writ of mandate compelling respondent's reinstatement, based on certain procedural deficiencies. On appeal from that judgment, we held that the procedural deficiencies did not justify reinstatement and we directed the trial court to review the administrative record to determine whether the commission's findings on the merits were supported by the evidence. (*Kirkpatrick* v. *Civil Service Com.* (1978) 77 Cal.App.3d 940 [144 Cal.Rptr. 51].) Thereafter the trial court determined that only two of the commission's fourteen findings were supported by the evidence.[1] The court again ordered that respondent be reinstated, and it awarded damages. On appeal from the judgment, we held the trial court's findings were supported by substantial evidence. (*Kirkpatrick* v. *Civil Service Commission* (Mar. 27, 1980, 2 Civ. 55294.) We stated, however, that "where the trial court concludes that some of the administrative agency's findings are supported by the evidence while others are not, the matter should be remanded to the administrative agency to give it the opportunity to exercise its discretion to impose a penalty, if any, commensurate with the gravity of the findings supported by the evidence. (*Bonham* v. *McConnell*, 45 Cal.2d 304, 306 [288 P.2d 502]; *Cooper* v. *State Bd. of Medical Examiners*, 35 Cal.2d 242, 252 [217 P.2d 630, 18 A.L.R.2d 593]; *Zink* v. *City of Sausalito*, 70 Cal.App.3d 662, 666 [139 Cal.Rptr. 59]; *Wingfield* v. *Fielder*, 29 Cal.App.3d 209, 223 [105 Cal.Rptr. 619].)" (*Id.*, at p. 19.) We ordered: "The judgment is reversed and the cause remanded to the trial court with directions to remand the matter to the civil service commission for reconsideration of the appropriate disposition." (*Id.*, at p. 20.)

Thereafter the trial court made the order of remand which is the subject of this appeal. Appellant contends the order improperly restricts the exercise of discretion by appellant. The disputed portion of the order states: "The proper penalty, if any, to be assessed by the CSC will not be inconsistent with petitioner's return to employment inasmuch as the

---

[1] The first was that respondent "failed to administer effectively the collection of fines and restitutions, as directed by court order." An audit of the various field offices of the department showed that a number of offices were low in collection of fines and restitutions. Second, the commission found that respondent "failed to control his department, in that he permitted the expenditure of over $150,000 in an unauthorized manner, without contract, to fund a program entitled Extension Zero." This was a computer project, originally funded by a federal grant, which was extended after the expiration of the grant by improperly including the funds for it in the budget for "guest instructors." Respondent was not personally involved in the unauthorized expenditure, but was held responsible in his capacity as department head for the improper use of the funds and the low collection of fines and restitutions. (See *Kirkpatrick* v. *Civil Service Com.*, *supra*, 77 Cal.App.3d 940, 949.)

two derelictions of petitioner ... are relatively minor and do not warrant a penalty severe as petitioner's termination or suspension from his duties. Therefore, the CSC will direct that petitioner return to employment as the Chief Probation Officer of Los Angeles County .... [¶] ... This court ... can presently make a determination and proper direction to the CSC that termination or suspension of petitioner's employment would be an abuse of discretion."

Appellant does not contend that discharge or suspension of respondent would be justified by the two findings which the trial court upheld.[2] ■ Appellant does contend, however, that the order of remand was improper for spelling out in advance that termination or suspension as a penalty would constitute an abuse of discretion. The proper procedure, says appellant, is for the court to remand the matter to the commission to exercise its discretion, and then to correct the commission if that discretion be abused. To inform the commission in advance as to what would constitute an abuse of discretion, contends appellant, improperly limits the commission's exercise of discretion and is inconsistent with case law providing that remand to the administrative agency for exercise of its discretion as to penalty is the normal procedure.

■ An administrative agency has very broad discretion in determining the proper discipline or penalty to be imposed. Judicial review of such determinations is very limited. (*Lake* v. *Civil Service Commission* (1975) 47 Cal.App.3d 224, 228 [120 Cal.Rptr. 452].) The administrative agency also presumably has expertise in such matters, and if permitted to exercise its discretion fully, may well impose a discipline or penalty which would be imaginative and workable and which would not constitute an abuse of discretion upon subsequent review under the applicable standard of judicial review. We tend to agree with appellant therefore that it is bad practice for a trial court in remanding a matter to the administrative agency for reconsideration in light of the sustain-

---

[2]On petition for rehearing, appellant contends that this representation of its position is inaccurate. Appellant states further: "If this Court's statements, quoted above, indicate the Commission has never advocated the correctness of a particular discipline, they are technically correct. However, as the Commission has never had the opportunity to exercise its discretion in light of the findings which this Court determined to be substantiated by the evidence, it has never been in a position where it was necessary, or appropriate, to advocate that one discipline, as opposed to another, was proper."

We do not suggest that appellant concedes on appeal that discharge or suspension of respondent based on the two findings upheld by the trial court would be an abuse of discretion.

ing of only a portion of the agency's findings, to attempt to specify in advance that the court would consider certain penalties or discipline to be an abuse of discretion. Such a short-circuiting of normal procedures could, as a practical matter, inhibit the agency from fully applying its expertise to the issue. There is also a great danger that in attempting to spell out the limits of discretion in advance, the court may define that discretion too narrowly and thus encroach on agency discretion. Thus under normal circumstances, when the court remands the matter to the administrative agency, the less said the better.

Nonetheless, we are unable to find any prejudicial error in the trial court's order in the particular circumstances of this case. To discharge or suspend respondent based on the two "derelictions" which the court found substantiated by the evidence would be an abuse of discretion. Appellant has suffered no actual prejudice from the trial court's saying so.[3]

The order appealed from is affirmed.

Kaus, P. J., and Hastings, J., concurred.

A petition for a rehearing was denied April 14, 1981, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied May 13, 1981.

---

[3]Apparently the trial court believed there was a possibility appellant might actually attempt to impose suspension or discharge as a discipline and concluded that respondent would suffer prejudicial delays in securing reinstatement if appellant did so. The court stated: "This case cries for conclusion. Petitioner was discharged from his position as Chief Probation Officer of Los Angeles County on November 19, 1974—more than 5 1/2 years ago. In that period the matter of petitioner's discharge has been before the Court of Appeal twice and the Superior Court several times, occupying the time of this court for many weeks. The CSC hearing extended over a period of 25 days and took substantial time of many public employees as witnesses. The public moneys expended directly and indirectly on the proceedings themselves total many, many thousands of dollars (which does not take into consideration the moneys expended by petitioner himself).... Still further, continued pendency of this matter must be unsettling to the County Probation Department itself for the Department has been under the direction of only an Acting Chief Probation Officer during these several years while the respondent County has awaited determination of petitioner's status.... [¶] [T]he matter of petitioner's derelictions already has been the subject of extensive examination in this court which now is in a position to determine the perimeters within which a proper penalty may be assessed; and ... any further delay in concluding this matter, which might occur if the CSC were to order petitioner's termination or suspension as the penalty for the two derelictions, would create an unnecessary additional delay in a matter already far too delayed in resolution."