[No. B028258. Second Dist., Div. Seven. Aug. 25, 1988.]

JEFFREY MANNING CARLTON, Plaintiff and Respondent, v. DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

COUNSEL

John K. Van de Kamp, Attorney General, N. Eugene Hill, Assistant Attorney General, and Henry G. Ullerich, Deputy Attorney General, for Defendant and Appellant.

Cameron, Madden, Pearlson, Noblin & Sellars and Patrick T. Madden and James Robert Noblin for Plaintiff and Respondent.

OPINION

**JOHNSON, J.**—The Department of Motor Vehicles (DMV) appeals from a judgment granting Jeffrey Carlton's petition for a peremptory writ of mandate under Code of Civil Procedure section 1094.5. This writ commands the DMV to set aside its decision revoking Carlton's probation and suspending his driver's license for 90 days. We affirm the judgment.

### FACTS AND PROCEEDINGS BELOW

In 1986 the DMV found Carlton to be a negligent operator of a motor vehicle and ordered his license suspended. The suspension was stayed and Carlton was placed on probation. Under the terms of his probation, Carlton was required to "remain free from traffic accident responsibility."

While on probation, Carlton was involved in a traffic accident. No citation was issued to Carlton but the police report on the accident sent to DMV stated that in the reporting officer's opinion Carlton was "most responsible" for the accident. The data from the accident report was electronically transcribed into the DMV's computer system pursuant to Vehicle Code section 1806. (See *infra,* p. 1433.) DMV revoked Carlton's probation and suspended his driver's license solely on the basis of the opinion expressed in the accident report that Carlton was responsible for the accident.

Carlton requested a formal hearing on DMV's decision to revoke his probation and suspend his license. The only evidence at the hearing relevant to the question whether Carlton had violated a condition of his probation was a computer printout of his driving record which contained the opinion expressed in the accident report that Carlton was responsible for the accident. Actually, this opinion was expressed in the form of a number, "4," appearing on the DMV printout. According to the DMV, this number is a code meaning in the reporting officer's opinion Carlton was most responsi-

ble for the accident. Solely on this evidence, the hearing officer upheld the revocation of probation and suspension of Carlton's license.

Carlton petitioned the superior court for a writ of mandate ordering the DMV to set aside its decision. After review of the administrative record and exercising its independent judgment on the evidence, the trial court found the evidence produced at the administrative hearing was insufficient to support the decision. A peremptory writ was issued ordering the DMV to set aside its decision and the DMV filed this appeal.

DISCUSSION

### I. THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT THE DMV'S FINDING CARLTON WAS RESPONSIBLE FOR THE ACCIDENT.

 Carlton was given a formal DMV hearing. The only evidence the DMV considered on the issue of whether Carlton had violated the terms of his probation was the DMV printout which purported to convey the opinion of a police officer, contained in an accident report, that Carlton was most responsible for the accident. The hearing officer admitted this evidence over Carlton's hearsay objection. This evidence was insufficient to support a revocation of probation.

 When the DMV initiates an action to suspend or revoke a driver's license the burden of proving the facts necessary to support the action is on the DMV. In a formal DMV hearing, hearsay evidence may be admitted but it is not sufficient in itself to support a finding unless it would be admissible over objection in a civil action. (*Daniels* v. *Department of Motor Vehicles* (1983) 33 Cal.3d 532, 538 [189 Cal.Rptr. 512, 658 P.2d 1313]; Gov. Code, § 11513, subd. (c).) A police officer's accident report, irrespective of Vehicle Code section 20013,[1] would not be admissible under the business records or official records exceptions to the hearsay rule. (*Hoel* v. *City of Los Angeles* (1955) 136 Cal.App.2d 295, 309-310 [288 P.2d 989]; *Kramer* v. *Barnes* (1963) 212 Cal.App.2d 440, 446 [27 Cal.Rptr. 895]; 1 Witkin, Cal. Evidence (3d ed. 1986) § 774, pp. 751-752.) Furthermore, the particular portion of the report relied upon by the DMV would not be admissible even if testified to by the officer in court. An opinion that Carlton was "most responsible" for the accident is a legal conclusion and not a proper subject for expert opinion. (See *People* v. *Terrell* (1955) 138 Cal.App.2d 35, 57 [291 P.2d 155]; *People* v. *Holder* (1964) 230 Cal.App.2d 50, 54 [40 Cal.Rptr. 655].

---

[1] This section flatly prohibits the use of accident reports as evidence in any civil or criminal trial.

The DMV argues Vehicle Code section 1806 makes the officer's opinion as to Carlton's responsibility for the accident sufficient evidence to support revocation of probation. That section provides, in relevant part, "The department shall file all accident reports . . . and in connection therewith, shall maintain convenient records or make suitable notations in order that an individual record of each license showing . . . all traffic accidents in which the individual was involved, except those where, in the opinion of a reporting officer, another individual was at fault, are readily ascertainable. At its discretion the department may file and maintain these accident reports and abstracts by electronic recording and storage media and after transcribing electronically all available data from the accident reports and abstracts of conviction may destroy the original documents. *Notwithstanding any other provisions of law, the recorded facts from any electronic recording and storage device maintained by the department shall constitute evidence of the facts in any administrative actions instituted by the department.*" (Italics added.)

The DMV relies on the italicized portion of the statute for the proposition the Legislature has authorized the use of peace officer reports to create a prima facie showing of responsibility for an accident for purposes of revoking probation.

The DMV reads far too much into Vehicle Code section 1806. That section merely provides accident reports can be maintained and recorded in computerized form and the facts in such form shall constitute evidence in administrative actions. Nowhere in the statute is there any suggestion it is intended to supersede the "emphatic" legislative mandate against sole reliance on hearsay evidence. (*Daniels, supra,* 33 Cal.3d at p. 538.)

Section 1806 does not reflect any factors of competency, reliability or trustworthiness that would transform a peace officer's accident report into legally sufficient evidence merely because the information contained in the reports is transferred to the DMV's computer. (Cf. *Daniels, supra,* 33 Cal.3d at p. 539.) Indeed, it is the *lack* of reliability, competency and trustworthiness in the preparation of these reports which precludes their admissibility in court under the business or official records exceptions to the hearsay rule. (*Hoel* v. *City of Los Angeles, supra,* 136 Cal.App.2d at p.310; and see discussion in Witkin, *supra,* at p. 751.) Furthermore, as the court pointed out in *Daniels, supra,* 33 Cal.3d at p. 538, fn. 3, "[t]he mere admissibility of evidence [at an administrative hearing] does not confer the status of 'sufficiency' to support a finding absent other competent evidence." Thus, the fact the accident report is evidence at a DMV hearing does not mean the report can serve as the sole basis to support a probation revocation.

The most likely purpose of the italicized portion of Vehicle Code section 1806 was to avoid objections to the computerized record of the report under the best evidence rule, Evidence Code section 1500, which, at the time this provision was added to section 1806,[2] provided "no evidence other than the writing itself is admissible to prove the content of a writing." (Stats. 1965, ch. 299, § 2, p. 1350.)

■ Serious constitutional problems would arise if the DMV were permitted to revoke a driver's license solely on the basis of a key stroke entered by one of its computer operators. It is well recognized the private interest at stake in this case—the right to retain a driver's license—is a substantial one. (*Daniels* v. *Department of Motor Vehicles, supra,* 33 Cal.3d at p. 536, and cases cited.) It is too important an interest to depend on a key stroke especially where the stroke "4" translates as "driver most responsible for accident" but stroke "5" translates as driver "not at fault, other party at fault." The mere slip of a finger could revoke the privilege to drive. ■ Furthermore, the introduction of the DMV printout, itself hearsay, subjects Carlton to triple hearsay: (1) the statement by the key punch operator as to what the accident report contained; (2) the statement by the reporting officer Carlton was most responsible for the accident; (3) statements witnesses to the accident made to the reporting officer which formed the basis for the accident report. ■ In *Daniels, supra,* our Supreme Court held due process prohibits suspension of a driver's license on the basis of hearsay statements in an accident report. (33 Cal.3d at pp. 536-537.) Here, we have a pyramiding of hearsay but, like *Daniels,* no competent evidence to support the suspension of Carlton's license.

## II. DMV's Remaining Contentions Are Without Merit.

The DMV contends Carlton failed to submit the administrative record to the trial court for review. This contention is refuted by the judgment and the reporter's transcript of the hearing on the petition for the writ.

■ The DMV also contends the court erred in not specifically remanding the matter to the DMV for a new hearing. ■ Where an administrative decision is set aside for insufficiency of the evidence it is customary to remand the matter to the agency for a new hearing (*Fascination, Inc.* v. *Hoover* (1952) 39 Cal.2d 260, 268 [246 P.2d 656]; *Zink* v. *City of Sausalito* (1977) 70 Cal.App.3d 662, 666 [139 Cal.Rptr. 59]) except in the rare case where as a matter of law no evidence could support the agency's decision. (*Ross Gen. Hosp. Inc.* v. *Lachner* (1978) 83 Cal.App.3d 346, 354 [147 Cal.Rptr. 801].) ■ This is not such a case. It is conceivable the DMV

---

[2](Stats. 1968, ch. 1062, § 1.5, p. 2063.)

could produce competent evidence sufficient to establish Carlton was responsible for the accident. Nothing in the writ of mandate precludes it from doing so. The writ merely orders the DMV to set aside its decision revoking Carlton's probation and suspending his license and to reinstate Carlton's license as it existed immediately prior to that suspension. In other words, the DMV is to reinstate Carlton's probationary status pending further proceedings as the DMV may choose to initiate.

### Disposition

The judgment is affirmed.

Lillie, P. J., and Kolts, J.*, concurred.

Appellant's petition for review by the Supreme Court was denied November 22, 1988.

---

* Assigned by the Chairperson of the Judicial Council.