[No. B176293. Second Dist., Div. Three. June 16, 2005.]

DANIEL ASHFORD, Plaintiff and Appellant, v.
CULVER CITY UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

COUNSEL

Trygstad, Schwab & Trygstad, Richard J. Schwab, Lawrence B. Trygstad and Angelo L. Rosa for Plaintiff and Appellant.

Atkinson, Andelson, Loya, Ruud & Romo and Edward B. Reitkopp for Defendants and Respondents.

OPINION

**CROSKEY, Acting P. J.**—In this employee termination administrative mandamus case (Code Civ. Proc., § 1094.5),[1] the petitioner, Daniel Ashford (petitioner), a former employee of the Culver City Unified School District (the District), appeals from the trial court's judgment. That judgment ordered the issuance of a peremptory writ of mandate, directed to the Board· of Education of the Culver City Unified School District (the Board).[2] It commanded the Board to set aside its decision that there was cause for termination of petitioner's employment, hold a new administrative hearing for the purpose of allowing the District to present additional evidence, and reconsider its decision. Petitioner contends there is no legal authority for the trial court's remand for a second hearing. He argues that section 1094.5 provides for only two circumstances when an administrative matter may be remanded for the taking of additional evidence (see fn. 3, *post*), and that neither of those circumstances is present here. Thus, he contends that the judgment of the trial court should be reversed.

The court's directive for a reconsideration hearing was based on its determination that *if* a proper foundation had been laid at the original administrative hearing for certain videotape evidence, "the weight of the evidence would have supported the [Board's] findings and decision" to terminate petitioner. Assuming arguendo the validity of the trial court's analysis regarding the weight of the evidence, our review of this matter reveals that the District did not satisfy either of the circumstances specified in subdivision (e) of section 1094.5 for the taking of additional evidence.[3]

---

[1] Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

[2] The District and the Board are collectively referred to as respondents.

[3] Subdivision (e) of section 1094.5 sets out two situations in which the trial court may remand a case for consideration of relevant evidence that was not presented at the original administrative hearing. Those two situations are (1) where such evidence was improperly excluded at the original hearing or (2) where the evidence could not, with reasonable diligence, have been produced at that hearing. Specifically, section 1094.5 provides: "Where the court finds that there is relevant evidence that, in the exercise of reasonable diligence, could not have been produced or that was improperly excluded at the hearing before respondent, it may enter

Absent such a showing by the District, remand of the case was unwarranted and, therefore, the judgment will be reversed and the case remanded to the trial court with instructions.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a plumber who worked for the District for over 21 years. On January 21, 2003, he was placed on paid administrative leave pending investigation of charges that he used paid sick days when he was not actually sick. Specifically, the District asserted that he performed plumbing services at a private residence for his own financial gain on workdays when he had claimed to be ill. The District charged him with falsifying information, engaging in dishonesty, and violating a rule, policy or procedure of the District, Board or a department.

Petitioner filed a request for an administrative hearing before the Board. He did not testify at the hearing but instead relied on his right to require the District to present admissible evidence in support of the charges against him. Despite its evidentiary burden, the District presented no foundation for its key evidence, videotapes which the District asserts depict petitioner engaged in activities inconsistent with his claim of illness. These videotapes were played at the administrative hearing and were received into evidence over repeated foundation and hearsay objections by petitioner. The *sole* witness at the administrative hearing was the District's assistant superintendent of human resources. She admitted that she herself had not made the videotapes, was not present when they were made, and did not know the person who made them. Further, she did not know if the person who made the videotapes was at any particular site on any particular date, nor could she say that the dates on the videos were accurate. Petitioner's attorney noted that the dates on the videotapes skipped around and that the videotapes had time lapses. The District's witness admitted she had no knowledge as to whether the video-tapes had been edited, spliced or pieced together.

After the administrative hearing, the Board made the following findings: (1) petitioner was entitled to 12 illness or injury days per year; (2) petitioner submitted an advance request in writing to be excused from work on April

judgment as provided in subdivision (f) remanding the case to be reconsidered in light of that evidence; or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case."

Subdivision (f) of section 1094.5 provides: "The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in the light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion legally vested in the respondent."

26, 2002, for the purpose of vacation or bereavement, and then later withdrew the request and on April 26, took the day off as an illness day, representing to the District that he was ill; (3) on April 29, April 30, May 1 and May 2, 2002, he also represented to the District that he was ill and unable to perform his usual and customary duties, and was allowed to take those days as sick days and paid his usual compensation; (4) on two separate dates he represented to the District, in writing, that he was ill on April 26, 29, 30, and May 1 and May 2; (5) Frasco Workplace Investigations prepared videotapes of petitioner's activities on April 26, May 1 and May 2; and (6) the videotapes established that petitioner was not ill on those days but rather was able to perform his usual and customary duties.[4]

From these findings, the Board concluded that petitioner had falsely represented to the District that he was ill on April 26, 29, 30, and May 1 and 2, and had used his illness leave to perform services at a facility that is not owned or operated by the District. The Board further concluded that cause to dismiss petitioner for falsifying information, dishonesty, and violation of a collective bargaining agreement had been established. Petitioner was then dismissed.

After he was terminated from his employment with the District, petitioner filed this suit for administrative mandamus relief, asserting that the weight of the evidence presented to the Board at his hearing did not support the termination decision. At the trial court's hearing on petitioner's section 1094.5 petition, the court granted the petition on the ground that the District had failed to provide a proper foundation for the videotapes it had relied upon at the administrative hearing. The court requested briefing from the parties as to the proper remedy and, after considering the parties' respective positions on that issue, determined to remand the matter for another hearing in order to give the District a second opportunity to present authentication evidence for the videotapes "because if a proper foundation had been laid [for the videotapes], the weight of the evidence would have supported the findings and decision." A judgment and peremptory writ of mandate directing the Board to set aside the termination decision and hold another hearing on the matter followed. Thereafter, petitioner filed this appeal. We issued a stay of the proceedings in this case, including a scheduled hearing before the Board, pending completion of our review.

---

[4] At the administrative hearing, the District's attorney stated to the Board that Frasco Workplace Investigations is a private investigation service.

## *DISCUSSION*

1.  *The Videotapes Were Not Admissible Without Foundation Evidence and Thus Do Not Support the Board's Findings*

■ "While administrative bodies are not expected to observe meticulously all of the rules of evidence applicable to a court trial, common sense and fair play dictate certain basic requirements for the conduct of any hearing at which facts are to be determined. Among these are the following: the evidence must be produced at the hearing by witnesses personally present, or by *authenticated* documents, maps or photographs; [and] ordinarily, hearsay evidence standing alone can have no weight [citations], . . ." (*Desert Turf Club v. Board of Supervisors* (1956) 141 Cal.App.2d 446, 455 [296 P.2d 882], italics added.)[5]

Similar statutory provisions for admission of evidence in administrative hearings are found in Government Code section 11513, which has been applied in cases concerning actions by school districts against their employees (*Morrison v. State Board of Education* (1969) 1 Cal.3d 214, 235 [82 Cal.Rptr. 175, 461 P.2d 375] [teacher]; *California School Employees Assn. v. Board of Trustees* (1983) 144 Cal.App.3d 392, 395–396 [192 Cal.Rptr. 633] [employee serving as school bus driver and custodian]). Government Code, section 11513, subdivision (c) states: "The hearing need not be conducted according to technical rules relating to evidence and witnesses, except as hereinafter provided. Any relevant evidence shall be admitted if it is the sort of evidence on which responsible persons are accustomed to rely in the conduct of serious affairs, regardless of the existence of any common law or statutory rule which might make improper the admission of the evidence over objection in civil actions." Subdivision (d) of that section adds: "Hearsay evidence may be used for the purpose of supplementing or explaining other evidence *but over timely objection shall not be sufficient in itself to support a finding unless it would be admissible over objection in civil actions.* An objection is timely if made before submission of the case or on reconsideration." (Italics added.)

It is clear to this court that the unauthenticated videotapes, upon which the Board relied to terminate petitioner's employment, and which the trial court

---

[5] Videotapes are classified as writings by Evidence Code section 250, and section 1401 of that code makes authentication of a writing necessary before it is used as evidence. "Authentication of a writing means (a) the introduction of *evidence* sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is or (b) the establishment of such facts by any other means provided by law." (Evid. Code, § 1400, italics added.) Thus, at petitioner's administrative hearing, testimony was required from someone who had personal knowledge of the matters and circumstances depicted on the videotapes. That would be someone who saw the events depicted and could testify as to the dates and times of the events and the identification of those persons participating in them.

found would have supported the Board's findings and decision *if* a proper foundation for them had been laid, were improperly admitted. Absent a proper authenticating foundation for the videotapes, they were irrelevant to the administrative proceeding being conducted by the Board. (Gov. Code, § 11513, subd. (c).) Additionally, with the absence of authentication for the videotapes, we have no trouble concluding that no responsible person would rely solely on the videotapes to determine that, over the course of the very specific dates in April and May 2002 that were at issue, petitioner was engaged in the activities depicted in the videotapes.[6] (*Ibid.*)

Moreover, in light of petitioner's timely objection, admission of the videotapes also violated Government Code, section 11513, subdivision (d). The videotapes were hearsay evidence because they constituted out-of-court statements by the person making the videotapes, about petitioner's activities, and were offered to prove the truth of the District's assertion that petitioner was actively working on three specific days when he had claimed to be ill. (Evid. Code, §§ 225 & 1200.) Respondents have not asserted that there is an exception to the hearsay rule which would make the videotapes admissible, and the District did not present any other evidence to support its allegations against petitioner. Thus, the standard set out in Government Code, section 11513, subdivision (d) for the admission of hearsay evidence also precluded the Board's consideration of the videotapes.

■ Because the Board's findings and conclusion are based on the videotapes, their admission into evidence to support the District's case was not harmless error, and thus the trial court was warranted in setting aside the Board's decision against petitioner. (*Estate of Kime* (1983) 144 Cal.App.3d 246, 260 [193 Cal.Rptr. 718].)

2. *Respondents Did Not Provide the Trial Court with Statutory Cause to Remand This Case for Reconsideration by the Board*

■ As noted in footnote 3, *ante*, subdivision (e) of section 1094.5 only permits a remand for reconsideration in light of *new* evidence *if* such new evidence (1) was improperly excluded at the initial administrative hearing or (2) could not, with reasonable diligence, have been produced at that time. While it is true that the videotapes themselves are not new evidence, the foundation evidence required to authenticate the videotapes *would be new evidence*. The appellate record does not indicate that the Board improperly excluded foundation evidence for the videotapes; indeed, there is no indication that, in spite of petitioner's repeated objections, it was even offered by

---

[6] We necessarily assume, and petitioner apparently does not dispute, that the person depicted in the videotapes is indeed petitioner.

the District. Nor is there anything in the record to explain why such foundation evidence could not, with reasonable diligence, have been presented by the District at the original administrative hearing. Further, the District has not presented any such explanation in its brief on appeal or at oral argument.

We read section 1094.5, subdivision (e) as providing the only two circumstances when an administrative matter may be remanded for the purpose of receiving *new* evidence. If we did not regard that subdivision as providing a specific limitation on the power of a court to remand an administrative matter for a new hearing, then the more general provisions of subdivision (f) of section 1094.5 would effectively render subdivision (e) superfluous.[7] This conclusion is consistent with a line of cases recognizing that a writ of administrative mandamus is a writ "made available to 'inquir[e] into the validity of [a] *final* administrative decision,' rendered on the basis of 'evidence taken' (Code Civ. Proc., § 1094.5, subd. (a)), that is, evidence *in the administrative record*. Subdivision (e) opens a narrow, discretionary window for additional evidence newly discovered after the hearing (or improperly excluded at it)." (*Fort Mojave Indian Tribe v. Department of Health Services* (1995) 38 Cal.App.4th 1574, 1594–1595 [45 Cal.Rptr.2d 822], italics added.)[8]

The foundation evidence for the videotapes anticipated by the trial court's order simply does not fit within either of the parameters of section 1094.5, subdivision (e)'s provisions for introducing *new* evidence at a remand hearing. For these reasons, we conclude that no legal basis existed for the trial court's order remanding the matter back to the Board so as to give the District another opportunity to present authentication evidence at a second administrative hearing. (*Lacy v. California Unemployment Ins. Appeals Bd.* (1971) 17 Cal.App.3d 1128, 1136 [95 Cal.Rptr. 566].)[9]

---

[7] In addition, well-settled principles of legislative construction require us to recognize that a specific provision will generally govern a general provision. (*Rose v. State of California* (1942) 19 Cal.2d 713, 723–724 [123 P.2d 505]; § 1859.)

[8] The *Fort Mojave* court characterizes the limitations of section 1094.5, subdivision (e), as extending to "*newly discovered*" evidence. That is not what subdivision (e) says and we would not go so far. We can conceive of circumstances where a party might seek to present evidence at a second administrative hearing that "in the exercise of reasonable diligence could not have been produced" at the initial hearing, but which could not be fairly characterized as *newly* discovered. Nonetheless, the *Fort Mojave* decision, and the cases cited therein, fully support our conclusion that subdivision (e) was intended to be, and is, a "*narrow*" exception to the general principle that a *final* administrative determination must be judged on the evidence presented at the administrative hearing. If it is not sufficient, then the ruling cannot stand. A remand for further hearing in such a circumstance would clearly present unacceptable risks of repeated rounds of litigation and attenuated finality.

[9] The District seeks to avoid this conclusion by relying, in part, on the case of *Keeler v. Superior Court* (1956) 46 Cal.2d 596 [297 P.2d 967], which, it is argued, recognized an

### 3. *Case Law Relied Upon by the District Does Not Support Its Position*

The District relies on several administrative mandamus cases to support its contention that remand of this case to the Board for its further consideration was proper. In *Carlton v. Department of Motor Vehicles* (1988) 203 Cal.App.3d 1428 [250 Cal.Rptr. 809] (*Carlton*), the reviewing court affirmed the trial court's ruling that the Department of Motor Vehicles (DMV) should set aside its decision to revoke the petitioner's probation status and suspend his driver's license for 90 days. The *Carlton* court cited case law holding that while the hearsay evidence presented by the DMV to support its revocation/suspension decision was admissible, such evidence could not validly constitute the *sole* evidence on which the DMV based its decision because that evidence would not be admissible over objection in a civil action. (See discussion above relating to Gov. Code, § 11513, subd. (d).) Thus, said the court, since the DMV had not considered any other evidence, reversal of the DMV's decision was proper. Addressing the question whether the DMV could hold another administrative hearing to determine whether the petitioner's probation should be revoked and his license suspended, the *Carlton* court stated: "Where an administrative decision is set aside for insufficiency of the evidence it is customary to remand the matter to the agency for a new hearing [citations] except in the rare case where as a matter of law no evidence could support the agency's decision. [Citation.]" (*Carlton* at p. 1434.) The court, however, did not address the requirements of subdivision (e) of section 1094.5 which, as already discussed, places a very specific limitation on the production of new evidence at a second hearing.

The court in *Newman v. State Personnel Bd.* (1992) 10 Cal.App.4th 41 [12 Cal.Rptr.2d 601] also addressed the issue of remand for reconsideration. The court stated that if there are errors in the admission of evidence in the administrative hearing, "it is proper to remand to the agency for reconsideration. [Citations.] After a reviewing court determines what evidence is admissible, the agency should be given an opportunity to exercise its discretion based on that evidence alone." (*Id.* at p. 49.) However, said the *Newman* court, "where . . . the administrative agency errs not in the conduct of the

---

*inherent* power of courts to adopt any suitable mode of proceeding. The *Keeler* court, in a case *not* involving a section 1094.5 proceeding, referred to section 187 and noted that a court has such inherent power. (*Keeler*, at p. 600.) Section 187 provides: "When jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, *if the course of proceeding be not specifically pointed out by this Code* or the statute, any suitable process or mode of proceeding may be adopted which may appear most comfortable to the spirit of this Code." (Italics added.) Apart from the fact that this section is one describing general powers of a court of law, it has no relevance to this case as the italicized language (quoted above) specifically makes clear. The required "course of proceeding" *is* set forth in subdivision (e) of section 1094.5.

hearing but in the results reached, there is no basis for reconsideration." (*Ibid.*) The *Newman* court concluded there would be no remand and reconsideration in that case because the problem with the administrative agency's decision was that it was not supported by substantial evidence. (*Ibid.*) While the *Newman* court's decision—to not remand when the evidence was found to be insufficient to support the administrative agency's decision—appears to be at odds with *Carlton*, it can be distinguished because the *Newman* court observed that the administrative agency had, in failing to carry its burden to prove that the petitioner was not able to perform the work of her employment position or any other available position, "presented *all* medical reports available at the time of its decision but these reports did not amount to substantial evidence." (*Newman v. State Personnel Bd.*, *supra*, at p. 49, italics added.) Thus, the *Newman* court simply applied a variation of the *Carlton* court's statement that a case need not be remanded for insufficiency of the evidence "where as a matter of law no evidence could support the agency's decision." (*Carlton*, *supra*, 203 Cal.App.3d at p. 1434.) That is, in *Newman*, there was no evidence *left* to support the agency's decision at the time that decision was made. Like *Carlton*, however, *Newman* did *not* address the limitations set out in section 1094.5, subdivision (e).[10]

Both *Carlton* and *Newman* cited *Fascination, Inc. v. Hoover* (1952) 39 Cal.2d 260 [246 P.2d 656], where the court stated: "[I]t is settled that where determinative powers are vested in a local administrative agency and the court finds its decision lacks evidentiary basis, a hearing was denied or it was otherwise erroneous, it is proper procedure to remand the matter to the agency for further and proper proceedings rather than for the court to decide the matter on the merits." (*Id.* at p. 268.) Contrary to petitioner's fears, we do not find that this directive would permit a trial court to remand a case over and over again to facilitate an administrative agency's attempt to make its case. Section 1094.5, subdivision (e)'s limitations on the presentation of new evidence are themselves a guard against an agency's attempt to repeatedly have a case remanded until it is able to muster sufficient evidence to support its actions that are the subject of the section 1094.5 petition. Although, like *Carlton* and *Newman*, the *Fascination* court did not discuss the limitations of subdivision (e), we interpret the scope of its ruling as necessarily including and embracing those limitations. Similarly, in *La Prade v. Department of Water & Power* (1945) 27 Cal.2d 47 [162 P.2d 13], the court, in language that is not inconsistent with the limitations set out in subdivision (e) of section 1094.5, stated that "[i]f a hearing has been denied or the evidence is insufficient to sustain the action of the board, *and it is still possible for the board to hold a hearing or exercise its discretion*, then the matter should be

---

[10] To the extent that either *Carlton* or *Newman* could be read to permit remand for a second hearing in defiance of section 1094.5, subdivision (e), we decline to follow them.

remanded to the board for further consideration . . . ." (*La Prade v. Department of Water & Power, supra,* at p. 53, italics added.)

In this case, we see no possibility that the Board could properly hold another hearing as the District had made no claim (either here or in the trial court) that it in fact has any new evidence that it could present at such a hearing (i.e., new evidence that would meet one of the two criteria set out in § 1094.5, subd. (e)).

## DISPOSITION

The judgment from which petitioner has appealed is reversed and the trial court is directed to vacate its writ and judgment, and enter a judgment that orders the issuance of a peremptory writ of mandate directing the Board to (1) set aside its findings and decision, and (2) enter new findings and a decision consistent with the views expressed herein. Costs on appeal to petitioner.

Kitching, J., and Aldrich, J., concurred.