Opinion
THE COURT.*
This appeal involves an issue far too often presented to this court, namely the admissibility of evidence and the statutory compliance with the procedures employed by several municipalities in this county in what have come to be known as “photo enforcement” citations.
*Supp. 4 On August 2, 2008, the police department of the City of Santa Ana issued a traffic citation to appellant, Tarek Khaled, alleging a violation of Vehicle Code section 21453, subdivision (a). A traffic trial was held on the matter. The prosecution sought to establish the majority of the violation with a declaration that was intended to support the introduction of photographs purporting to show appellant driving through an intersection against a red light. Appellant objected to the introduction of the photographs and declaration as inadmissible hearsay, and violative of appellant’s confrontation rights. The objection was overruled and the trial judge admitted the photographs as business records, official records, and because a proper foundation for the admission had been made based on the submitted declaration.
We hold that the trial court erred in admitting the photographs and the accompanying declaration over appellant’s hearsay and confrontation clause objections. Absent the photographs and content in the declaration, there is insufficient evidence to support the violation. Accordingly we reverse the judgment.[1] ■
I. Factual Summary
The underlying facts in this case are fairly simple. No police officer witnessed the alleged traffic violation. Instead, a police officer testified about the general area depicted in a photograph taken from a camera installed at an intersection in Santa Ana. A particular private company contracts with the municipality to install, maintain, and store this digital photographic information. The officer testified these photographs are then periodically sent back to the police department for review as possible driving violations.
To be more specific, the photographs contain hearsay evidence concerning the matters depicted in the photographs including the date, time, and other information. The person who entered that relevant information into the camera-computer system did not testify. The person who entered that information was not subject to being cross-examined on the underlying source of that information. The person or persons who maintain the system did not testify. No one with personal knowledge testified about how often the system is maintained. No one with personal knowledge testified about how often the date and time are verified or corrected. The custodian of records for the company that contracts with the city to maintain, monitor, store, and disperse these photographs did not testify. The person with direct knowledge of the *Supp. 5 workings of the camera-computer system did not testify. Instead, the prosecution chose to submit the testimony of a local police officer, Santa Ana Police Officer Alan Berg. This witness testified that sometime in the distant past, he attended a training session where he was instructed on the overall workings of the system at the time of the training. Officer Berg was unable to testify about the specific procedure for the programming and storage of the system information.
II. Analysis

A. Admissibility of videotape and photographic evidence

These photo enforcement cases present a unique factual situation to the courts regarding the admissibility of videotapes and photographs. There are two types of situations where a videotape or photographs are typically admitted into evidence where the photographer or videographer does not testify. The first involves a surveillance camera at a commercial establishment (oftentimes a bank or convenience or liquor store). In those situations, a person testifies to being in the building and recounts the events depicted in the photographs. Courts have consistently held that such testimony establishes a sufficient foundation if the videotape is a “ ‘reasonable representation of that which it is alleged to portray.’ ” (People v. Gonzalez (2006) 38 Cal.4th 932, 952 [44 Cal.Rptr.3d 237, 135 P.3d 649]; see generally id. at pp. 952-953; People v. Carpenter (1997) 15 Cal.4th 312, 385-387 [63 Cal.Rptr.2d 1, 935 P.2d 708]; People v. Mayfield (1997) 14 Cal.4th 668, 745-747 [60 Cal.Rptr.2d 1, 928 P.2d 485]; Imwinkelried, Cal. Evidentiary Foundations (3d ed. 2000) pp. 115, 117; see also U.S. v. Jernigan (9th Cir. 2007) 492 F.3d 1050 (en banc).)
The second situation involves what is commonly known as a “nanny cam.” In that situation, a homeowner hides a surveillance camera in a room and then retrieves the camera at a later time. At the court proceeding, that person establishes the time and placement of the camera. This person also has personal knowledge of when the camera was initially started and when it was eventually stopped and retrieved.
Neither of these situations is analogous to the situation at bar. Here the officer could not establish the time in question, the method of retrieval of the photographs, or that any of the photographs or the videotape were a “ ‘reasonable representation of that which it is alleged to portray.’ ” (People v. Gonzalez, supra, 38 Cal.4th at p. 952.) A very analogous situation to the case *Supp. 6 at bar, however, is found in Ashford v. Culver City Unified Sch. Dist. (2005) 130 Cal.App.4th 344, 349-350 [29 Cal.Rptr.3d 728], where the court held that the unauthenticated videotape allegedly showing employee’s actions lacked sufficient foundation to be admitted at an administrative hearing. And in so holding, the court noted that without establishing such a foundation, the videotape was inadmissible.
B. Exceptions to the hearsay rule are not applicable here
In lieu of establishing the necessary foundation by direct testimony, the proponent of the evidence, respondent, argues that independent hearsay exceptions justify admission of the photographs under either the “official records exception” or the “business records exception” of the Evidence Code. (Evid. Code, §§ 1280, 1271.) Neither of these sections supports respondent’s contention. We recognize that the trial court is vested with “ ‘wide discretion’ ” in determining whether sufficient foundation is laid to qualify evidence under these hearsay exceptions. (People v. Beeler (1995) 9 Cal.4th 953, 978 [39 Cal.Rptr.2d 607, 891 P.2d 153].) And “ ‘[o]n appeal, exercise of that discretion can be overturned only upon a clear showing of abuse.’ ” (Id. at pp. 978-979.)
1. Official records exception (Evid. Code, § 1280)
The prosecution argues that these documents were properly admitted under Evidence Code section 1280 (section 1280), the official records exception to the hearsay rule.[2] A plain reading of this section cannot support the prosecution’s position. Not only does this section require that the writing be “made by ... a public employee” (§ 1280, subd. (a); see, e.g., Shea v. Department of Motor Vehicles (1998) 62 Cal.App.4th 1057, 1059 [72 Cal.Rptr.2d 896] [forensic laboratory trainee did not qualify as a “public employee”]), but the public employee must be under a legal duty to make such reports (§ 1280, subd. (a); see, e.g., People v. Clark (1992) 3 Cal.4th 41, 158-159 [10 Cal.Rptr.2d 554, 833 P.2d 561] [autopsy report prepared by now deceased coroner of autopsy he performed properly admitted through testimony of another coroner]).
*Supp. 7 Here, the signator of the document, exhibit No. 3, states he or she is an employee of the “Redlex Traffic Systems.” At no point does the signatory state that Redflex Traffic Systems is a public entity or that he or she is otherwise employed by a public entity. Absent this critical foundational information, the document that was created cannot be and is not an “official record” under section 1280.
In addition, section 1280 requires that “[t]he sources of information and method and time of preparation [of the record] [be] such as to indicate its trustworthiness” (id., subd. (c)). Except for the written content of exhibit No. 3, which presents another layer of hearsay, there is a total lack of evidence to establish this element of section 1280 hearsay exception. Each layer of hearsay must meet the foundational elements of this exception or another hearsay exception, or the writing is inadmissible. (People v. Reed (1996) 13 Cal.4th 217, 224-225 [52 Cal.Rptr.2d 106, 914 P.2d 184] [“As with all multiple hearsay, the question is whether each hearsay statement fell within an exception to the hearsay rule”]; People v. Ayers (2005) 125 Cal.App.4th 988, 995 [23 Cal.Rptr.3d 242]; People v. Baeske (1976) 58 Cal.App.3d 775 [130 Cal.Rptr. 35] [police report containing contents of phone call to police department inadmissible under official record exception].)
However, section 1280 does permit the court to admit an official record or report without necessarily requiring a witness to testify as to its identity and mode of preparation “ ‘ “if the court takes judicial notice or if sufficient independent evidence shows that the record or report was prepared in such a manner as to assure its trustworthiness.” [Citations.]’ ” (Bhatt v. State Dept. of Health Services (2005) 133 Cal.App.4th 923, 929 [35 Cal.Rptr.3d 335] (Bhatt).)
Here, the record is totally silent as to whether the trial court took judicial notice of anything, nor does it show “ ‘ “sufficient independent evidence . . . that the record or report was prepared in such a manner as to assure its trustworthiness.” ’ ” (Bhatt, supra, 133 Cal.App.4th at p. 929, italics omitted.) The only evidence outside of the contents of exhibit No. 3 describing the workings of the photo enforcement system and recordation of information from that system came from Officer Berg who, admittedly, was unable to testify about the specific procedure from the programming and storage of the system information. Consequently, the trial court erred in admitting this evidence as an official record.
*Supp. 8 2. Business records exception (Evid. Code, §1271)
These exhibits also do not fall under the business records exception of Evidence Code section 1271 (section 1271).[3] In order to establish the proper foundation for the admission of a business record, an appropriate witness must be called to lay that foundation (Bhatt, supra, 133 Cal.App.4th 923, 929). The underlying purpose of section 1271 is to eliminate the necessity of calling all witnesses who were involved in a transaction or event. (People v. Crosslin (1967) 251 Cal.App.2d 968 [60 Cal.Rptr. 309].) Generally, the witness who attempts to lay the foundation is a custodian, but any witness with the requisite firsthand knowledge of the business’s recordkeeping procedures may qualify. The proponent of the admission of the documents has the burden of establishing the requirements for admission and the trustworthiness of the information. (People v. Beeler, supra, 9 Cal.4th at p. 978.) And the document cannot be prepared in contemplation of litigation. (Palmer v. Hoffman (1943) 318 U.S. 109 [87 L.Ed. 645, 63 S.Ct. 477]; Gee v. Timineri (1967) 248 Cal.App.2d 139 [56 Cal.Rptr. 211].)
Here, Officer Berg did not qualify as the appropriate witness and did not have the necessary knowledge of underlying workings, maintenance, or recordkeeping of Redflex Traffic System. The foundation for the introduction of the photographs and the underlying workings of the Redflex Traffic System was outside the personal knowledge of Officer Berg. If the evidence fails to establish each foundational fact, neither the official records nor the business records hearsay exception is available. (People v. Matthews (1991) 229 Cal.App.4th 930, 940 [280 Cal.Rptr. 134].)[4] Accordingly, without such foundation, the admission of exhibits Nos. 1 and 3 was erroneous and thus the trial court abused its discretion in admitting these exhibits. Without these documents, there is a total lack of evidence to support the Vehicle Code violation in question.
*Supp. 9 The judgment is reversed with directions that the charge be dismissed. (People v. Bighinatti (1975) 55 Cal.App.3d Supp. 5, 7 [127 Cal.Rptr. 310].)

Gregg L. Prickett, Acting P. J.,† Gregory H. Lewis, J., and Karen L. Robinson, J.

 judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

 Appellant and amicus curiae the City of Santa Ana address issues regarding the prosecution of photo enforcement cases in general, and the lack of notice in this case, that we find unnecessary to address in light of the insufficiency of the evidence to sustain the trial court’s finding.

 Section 1280 provides: “Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered in any civil or criminal proceeding to prove the act, condition, or event if all of the following applies:
“(a) The writing was made by and within the scope of duty of a public employee.
“(b) The writing was made at or near the time of the act, condition, or event.
“(c) The sources of information and method and time of preparation were such as to indicate its trustworthiness.”

 “Evidence of a writing made as a record of an act, condition, or event is not made inadmissible by the hearsay rule when offered to prove the act, condition, or event if:
“(a) The writing was made in the regular course of a business;
“(b) The writing was made at or near the time of the act, condition, or event;
“(c) The custodian or other qualified witness testifies to its identity and the mode of its preparation; and
“(d) The sources of information and method and time of preparation were such as to indicate its trustworthiness.” (§ 1271.)

 This is not a situation where, in compliance with a lawfully issued subpoena duces tecum, the custodian submitted a declaration attesting to the necessary foundational facts. (Evid. Code, § 1560 et seq.; see also Taggart v. Super Seer Corp. (1995) 33 Cal.App.4th 1697 [40 Cal.Rptr.2d 56].) No such subpoena duces tecum was issued or introduced here.